The judgment satisfied neither plaintiff nor defendant, and both have appealed. So far as material to the question put by either, the facts are few. Each claims through Albert W. Scribner. On the 20th of October, 1874, he was the owner in fee of a certain lot of land called No. 3. On that day he, in writing, bargained, sold, and agreed to convey the lot to the defendant, free from incumbrances and with warranty, for $8,500. The defendant agreed to purchase at that price, and pay $2,200 on the execution of the agreement, the balance May 1, 1875, as follows: by cash $1,800, assume a mortgage of $2,000 then on the property and held by the Troy Savings Bank, and $2,500 by a purchase-money bond and mortgage, payable in two years thereafter. At that time (May 1, 1875) possession was to be given and a warranty deed executed. The savings bank mortgage was assumed, but the defendant having advanced money to pay off certain prior incumbrances, paid only $1,006.61, instead of $1,800, gave his bond and mortgage for the residue of the purchase-money, $1,300 instead of $2,500; and thereupon receiving his deed, put it on record and went into possession of the premises. On the 20th of May, 1875, the purchase-money mortgage was recorded; and on the 22d of June, sold for a valuable consideration to Isaac G. William A. Flacks, who bought the same *Page 461 
in good faith. In the mean time, and on the 2d of February, 1875, Scribner, being indebted to the plaintiff in the sum of $6,000 upon certain promissory notes then past due, gave to him his bond conditioned for the payment of $7,000, and, as security for the same (as it recited), a mortgage upon said lot No. 3, as collateral security for the payment of the past-due indebtedness. No extension of time of payment was given, nor any new consideration whatever. The notes were not surrendered or canceled, or the obligation imposed thereby in any manner impaired or affected. The mortgage was duly recorded on the 3d day of February, 1875, and on the 11th day of February, 1876, this action was brought for its foreclosure. The vendee and grantee Guy, and the Messrs. Flack, the assignees of the mortgage, were made defendants, as persons having an interest in the mortgaged premises subsequent to the mortgage. After the commencement of the action, Guy, on the demand of Messrs. Flack, paid to them the $1,300, secured by the purchase-money mortgage, and it was discharged of record. The transactions of May 1, and prior thereto, under the agreement, were without notice on the defendant Guy's part, of any claim of the plaintiff, or of the bond and mortgage.
The referee reported in favor of the plaintiff, $1,300 and interest; that being the amount called for by the purchase-money mortgage, and unpaid at the commencement of the action. To this the defendant Guy objects. The plaintiff insists that the referee should also have allowed the above sum of $1,006.61, paid by Guy, May 1, 1875. These claims present the only points in the case. Both were overruled by the General Term. First, the plaintiff's appeal: The contract of sale was valid between Scribner and Guy at a time anterior to the plaintiff's mortgage. Guy, from the moment of its execution, held the equitable title to the land, subject only to the payment of the amount due on his contract, and was entitled, on paying or securing that amount according to its terms, to a conveyance free from any lien created by Scribner. If denied, it would have been compelled, on application to a court of equity, and, when executed, would be good by relation from *Page 462 
the time of the making the contract, so as to render valid every intermediate act in pursuance of it, on the part of the vendee.
In Jackson v. Bull (1 Johns. Cas. 81) the doctrine of relation was applied to avoid the effect of an adverse possession intermediate the agreement and the deed, and it avails whenever it becomes necessary to promote the ends of justice. If this was a controversy between Guy and Scribner, it could not be questioned but that the deed of May 1, 1875, would take effect as if executed at the time of the agreement. In what respect is the position of the plaintiff better than that of Scribner? The Recording Act protects only purchasers in good faith and for a valuable consideration, against an unrecorded conveyance; and the plaintiff is not one of that character, for, as we have seen, he parted with nothing on the strength of his mortgage. It is true that he had no notice of the agreement, or the claim of Guy under it. But this is not material. If he had, it would only have furnished another reason for his defeat. As it is he parted with nothing on the strength of his debtor's title, and, although the consideration of an antecedent debt is sufficient to support the mortgage, it does not bring him within the meaning or the protection of the Recording Act, nor enable him to occupy any different position in respect to the vendee under the agreement, than that held by Scribner. (Dickerson v. Tillinghast, 4 Paige, 215; Weaver v. Barden, 49 N.Y. 286.) The case ofGoverneur v. Lynch (2 Paige, 300), cited by the plaintiff's counsel, so far as it implies a contrary doctrine, or that the mere recording of the mortgage would affect the vendee, must be deemed overruled by Trustees of Union College v. Wheeler
(61 N.Y. 88).
The payment therefor, of $1,006.61, relates back to the time of making the agreement and is good by that relation. (Parks v.Jackson, 11 Wend. 442; Moyer v. Hinman, 13 N.Y. 180;Trustees, etc. v. Wheeler, supra.) But so far as the decision gives priority to the mortgage in suit, to the extent of $1,300 and interest, it is correct and is well sustained by the reasons *Page 463 
assigned by the majority of the court at General Term. (12 Hun, 325; 23 id. 1.)
If payment had been made in money, it would have been effectual according to the reasoning already applied to the other question. But it was not. The bond and mortgage were mere choses in action, and could not have been enforced by Scribner to the prejudice of the plaintiff. The Flacks were not only affected by the equities which restrained the enforcement of the mortgage by Scribner (DeLancey v. Stearns, 66 N.Y. 157), but were charged by the record with notice of the plaintiff's mortgage, as the defendant Guy also was, by the commencement of this action. The subsequent payment, therefore, by him should not operate to the prejudice of the plaintiff.
We think the judgment appealed from should be affirmed, but as both parties have appealed and neither succeeded, it should be without costs of this appeal to either party.
All concur.
Judgment affirmed.