SHEPARD F. KNAPP, as Receiver, etc., Appellant, v. JOHN T. McGOWAN, Individually and as Trustee, etc., et al., Respondents.

A conveyance by a solvent debtor, of a portion of his property, to trustees to pay a portion of his creditors, containing a provision that any surplus after execution of the trust shall be returned to him, is not as matter of law fraudulent and void as to creditors not provided for.

As to real estate such a conveyance is authorized by statute (1 R. S. 728, § 55), and as to personalty it does not violate the statute against personal uses. (2 R. S. 135, § 1); and, where it appears that sufficient property was retained by the debtor to pay his other creditors, the conveyance is valid.

*It seems* that a conveyance by a debtor, whether solvent or insolvent, of all his property to trustees, to pay a portion of his creditors, with a pro-

vision that the surplus shall be returned to him, leaving his other creditors unprovided for, is fraudulent and void as to the latter.

A debtor, whether solvent or insolvent, may, acting in good faith, mortgage a portion or the whole of his property to secure existing claims against him and also future loans and advances.

The statutes regulating assignments for the benefit of creditors (Chap. 348, Laws of 1860; chap. 860, Laws of 1867; chap. 92 Laws of 1870, and chap. 838, Laws of 1872) have reference only to general assignments made by insolvent debtors for the benefit of all their creditors.

Where the court has power to order a complaint to be amended and other parties brought in, it is not bound to exercise that power, and may dismiss the complaint without prejudice to the right to bring another actio

(Argued April 24, 1884; decided May 6, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 26, 1883, which affirmed a judgment in favor of defendants, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

. *W. C. Trull* for appellant. The act of defendant Roche in making the assignment was an act of voluntary bankruptcy and an admission of insolvency. (*Curtis* v. *Leavitt*, 15 N. Y. 131.) The deed of trust from Roche to McGowan is fraudulent and void on its face as against the creditors of Roche. (*Mackie* v. *Cairns*, 5 Cow. 547; *Grover* v. *Wakeman*, 11 Wend. 187; *Goodrich* v. *Downs*, 6 Hill, 438; *Barney* v. *Griffin*, 2 Comst. 365; *Leitch* v. *Hollister*, 4 N. Y. 214, 215; *Burdick* v. *Post*, 12 Barb. 175; 6 N. Y. 522; *Nicholson* v. *Leavitt*, id. 510; *Seymour* v. *Wilson*, 14 id. 569; *Curtis* v. *Leavitt*, 15 id. 9, 114, 131; *Collomb* v. *Caldwell*, 16 id. 484, 486; *Dunham* v. *Waterman*, 17 id. 9; *Young* v. *Heermans*, 66 id. 382.) The referee erred in refusing to adjudge the assignment to McGowan to be fraudulent and void as against the creditors of Roche. (*Barclay* v. *French*, 18 Vt. 460; *Connell* v. *Walker*, 45 Penn. St. 449; *Bentz* v. *Reilly*, 69 id. 71.) The provisions for professional services to be rendered, for moneys to be paid and

advanced, and for obligations to be assumed in and about the business of Roche, renders the assignment absolutely void. (*Barnum* v. *Hempstead*, 7 Paige, 568; *Seldon* v. *Dodge*, 4 Denio, 217; *Nichols* v. *McEwen*, 17 N. Y. 22; *Elias* v. *Farley*, 3 Keyes, 398; Bump on Fraud. Convey. 400.) The trust deed to McGowan is void, because of the omission of the assignor and assignee to comply with the requirements of the statute regulating assignments for the benefit of creditors. (Laws of 1860, chap. 348, p. 594; Laws of 1867, chap. 860, p. 2163; Laws of 1870, chap. 92, p. 297; Laws of 1872, chap. 838, p. 1993; *De Camp* v. *Marshall*, 2 Abb. Pr. [N. S.] 373; *Julian* v. *Rathbun*, 39 N. Y. 369.) The evidence establishes that the trust deed and the assignment to McGowan were made with the intent to hinder, delay and defraud creditors, entirely independent of what appears on the face of the instruments. (Bump on Fraud. Convey. [3d ed.], chap. 4, pp. 31–60.) Even if the trust deed and the assignment be valid, the plaintiff is entitled to have the surplus reserved to Roche applied in payment of his judgment, and for that purpose has a right to the accounting demanded in his bill of complaint. (Code, §§ 452, 499; *Grover* v. *Wakeman*, 11 Wend. 187; *Rogers* v. *Rogers*, 3 Paige, 379; *Russell* v. *Lasher*, 4 Barb. 232; *Bank* v. *Suydam*, 6 How. Pr. 379; *Scudder* v. *Voorhis*, 5 Sandf. 271; *Shaver* v. *Brainard*, 29 Barb. 25; *Davis* v. *Mayer*, 14 N. Y. 527, 528.) The facts of this case, as developed by the evidence, bring it clearly within the decision of the courts that in actions of this character, even where the bill is not framed with a double aspect, they will administer such relief as equity and good conscience demand. (*Boyd* v. *Dunlap*, 1 Johns. Ch. 457; *Dunn* v. *Chambers*, 4 Barb. 376; *Bigelow* v. *Ayrault*, 46 id. 143; *Ohio* v. *Moore*, 26 Ohio St. 282; *Orr* v. *Gilmore*, 7 Lans. 345; *Donovan* v. *Sheridan*, 37 N. Y. Supr. 256.) The plaintiff by filing his bill acquired a lien upon Roche's interest in the surplus, and the action can be maintained to foreclose the lien even though the trust deed and assignment to McGowan be valid. (*Hadden* v. *Spader*, 20 Johns. 554; *Candler* v. *Pettit*, 1 Paige, 168; *Jeffries* v. *Cochrane*, 47 Barb. 557–559.)

*Luther R. Marsh* for respondents McGowan and Roche. Fraud is not to be presumed, but must be proved by the party alleging it. (*Reed* v. *Worthington*, 9 Bosw. 630 ; *Townsend* v. *Stearns*, 32 N. Y. 209 ; *Jaeger* v. *Kelly*, 52 id. 274 ; *Schultz* v. *Hoagland*, 85 id. 464.) The referee having found expressly, upon competent evidence as a question of fact, that the trust deed and assignment were not made by Roche or received by McGowan with intent to hinder, delay and defraud creditors, but with good intent and for lawful purposes, upon good consideration, and that Roche was not insolvent his finding will neither be reviewed, nor disturbed in this court. (*Genesee River Nat. B'k* v. *Mead*, 92 N. Y. 637 ; Code of Civ. Pro., § 1337 ; *Stilwell* v. *Mut. L. Ins. Co.*, 72 N. Y. 385 ; *Verplanck* v. *Member*, 74 id. 620.) This trust does not encounter the statute relating to trusts of personal estate, but it is a trust under 2 R. S. 279, § 56, subd. 1 (6th ed.), p. 1106, which expressly allows a party to convey real estate in trust to sell for benefit of creditors. (*Darling* v. *Rogers*, 22 Wend. 483 ; *Cooper* v. *Whitney*, 3 Hill, 95 ; 1 R. S. 728, § 55 ; *Rome Ex. B'k* v. *Eames*, 1 Keyes, 588, 589 ; *Curtiss* v. *Leavitt*, 15 N. Y. 9, 114, 126, 129 ; *Leitch* v. *Hollister*, 4 id. 211 ; *Cunningham* v. *Freeborn*, 11 Wend. 250 ; *Bishop* v. *Halsey*, 3 Abb. Pr. 400 ; *Carpenter* v. *Vanderwood*, 19 N. Y. 521.) In the case at bar the grantor was not insolvent, without which element it cannot be claimed, even, that there was any fraud. (*Leitch* v. *Hollister*, 4 N. Y. 211, 215.) The assignment to defendant McGowan is good on its face. It is an absolute transfer to the creditor of the rights to which Roche was subrogated in the assets of the Guardian Savings Bank and the claims of its creditors ; it involves no other question than the right of a debtor to turn over an item of his property to pay his debt ; there is no provision of any return of surplus to the assignor, and, therefore, that question cannot arise as to this instrument. (*Ehrichs* v. *De Mill*, 75 N. Y. 370 ; *Leitch* v. *Hollister*, 4 id. 211 ; *Van Buskirk* v. *Warren*, 2 Keyes, 119 ; *Hendricks* v. *Robinson*, 2 Johns. Ch. 283, 306, 312 ; *S. C.*, 17 Johns. 438 ; *Leavitt* v. *Blatchford*, 17 N. Y. 521, 537 ; *McClellan* v. *Remsen*, 3 Keyes,

434; *Mabbett* v. *White*, 12 N. Y. 442, 456; *Graser* v. *Stell-wagen*, 25 id. 315.) Assignments of personal property by a debtor in insolvent circumstances and who has stopped payment to secure a particular creditor for existing claims and engagements as well as for future advances and responsibilities, if made *bona fide*, and where there is no reason to doubt the honesty and fairness of the transaction, will be deemed valid. (*Hendricks* v. *Robinson*, 2 Johns. Ch. 283, 306; *Hendricks* v. *Waldron*, 17 Johns. 438; *Cunningham* v. *Freeborn*, 11 Wend. 240; *Powers* v. *Graydon*, 10 Bosw. 630; *Brinkerhoff* v. *Marvin*, 5 Johns. Ch. 320; *Livingston* v. *McInlay*, 16 Johns. 165; 4 Kent's Comm. 176, 177; *Robinson* v. *Williams*, 22 N. Y. 380; *Keteltas* v. *Wilson*, 36 Barb. 298; *Bedell* v. *Chase*, 34 N. Y. 386; *Loeschigk* v. *Baldwin*, 1 Robt. 381; *Truscott* v. *King*, 6 id. 157; *Mead* v. *York*, id. 451; *Auburn Ex. B'k* v. *Fitch*, 48 Barb. 344; *Carpenter* v. *Munn*, 42 id. 300; *Dunham* v. *Whitehead*, 21 N. Y. 131; *Hale* v. *Stuart*, 7 Hun, 591; *Archer* v. *O'Brien*, id. 146; *Story* v. *DeShaw*, id. 449; *Ackerman* v. *Hunsicker*, 85 N. Y. 85; *Simons* v. *First Nat. B'k of Union Springs*, 93 id. 269.) The act of 1860 does not apply. The failure to make schedules and lists as required by that act does not invalidate either of the transfers to McGowan. It applies only to cases of assignments for the benefit of creditors. (*Produce Ex. B'k* v. *Morton*, 67 N. Y. 199.) The plaintiff was not entitled to an accounting. (*Barnes* v. *Quigley*, 59 N. Y. 265, 268.) A creditor's bill to set aside an assignment by the debtor, for fraud in its execution, cannot, on failure of proof of any fraud, be converted into a bill for an accounting. (*Cunningham* v. *Freeborn*, 1 Edm. Ch. 28; *Bailey* v. *Nicoll*, id. 32, note; *Barnes* v. *Quigley*, 59 N. Y. 265, 268; *Bailey* v. *Bergen*, 67 id. 346; *Patterson* v. *Patterson*, 1 Robt. 184; *Matter of Bowery Nat. B'k*, 2 Abb. N. C. 405.) The dismissal of the complaint "without prejudice" was within the power of the referee, and was justified under the circumstances of this case. (*Peyser* v. *Wendt*, 87 N. Y. 322.) To entitle a judgment creditor to maintain an action in the nature of a bill

in equity, to remove fraudulent incumbrances from property liable to sale on execution, he must have a specific lien upon the property. (*Crippen* v. *Hudson*, 13 N. Y. 161; *Dunlevy* v. *Tallmadge*, 32 id. 457, 459 ; *Southard* v. *Benner*, 72 id. 424; *Burnett* v. *Guild*, 27 Hun, 366 ; *Wells* v. *O' Conner*, id. 426 ; *Davis* v. *Burns*, 23 id. 648; *Com. B'k* v. *Ten Eyck*, 48 N. Y. 305 ; *People* v. *Stephens*, 71 id. 541.)

*Isaac Dayton* for respondent Edward Kearney. In providing beforehand for the payment of one rather than another debt, Roche violated no duty, although insolvent. (*Julliard* v. *Chaffee*, 92 N. Y. 529, 537 ; *Waterbury* v. *Sturtevant*, 18 Wend. 353 ; *Leavitt* v. *Blatchford*, 17 N. Y. 434.) Walter Roche and his wife had the right to make the deed of trust of the 11th of July, 1872, subject to the execution of the trust of the previous deed to Quinlan, Lynch and Develin. (1 R. S. 726 ; 3 R. S. [7th ed.] 2182, § 61.) The provision in it "to pay over any balance of said proceeds to the said parties of the first part, their heirs and assigns," did not make the conveyance a conveyance in trust for the use of the person making the same. (*Curtiss* v. *Leavitt*, 15 N. Y. 1, 123, 124 ; *Estwick* v. *Cailland*, 5 T. R. 420; *Cooper* v. *Whitney*, 3 Hill, 95 ; *Darling* v. *Rogers*, 22 Wend. 483 ; *Rome Ex. B'k* v. *Eames*, 1 Keyes, 588 ; 1 R. S. 727 ; 3 R. S. [7th ed.] 2179, §§ 35, 60, 61; *Dunham* v. *Whitehead*, 21 N. Y. 136.) It was not a conveyance to an assignee for the benefit of creditors within the provisions of the statute, chapter 348 of the Laws of 1869. (*Juliand* v. *Rathbone*, 39 N. Y. 369 ; *Matter of Lewis*, 81 id. 421 ; *Tiemeyer* v. *Turnquist*, 85 id. 525.)

EARL, J. In November, 1871, the defendant Roche was both trustee and vice-president of the Guardian Savings Institution, and also of the Bowling Green Savings Bank, institutions located in the city of New York. Both failed in that month and the plaintiff was appointed receiver of the latter, and the defendant Quinlan of the former. On the 24th day of January, 1872, the defendant Roche executed and delivered to

the defendants Quinlan, Lynch and Develin a trust deed, conveying to them certain real estate situated in the city of New York, particularly described therein, upon the following trusts: To convert the same into cash and apply the proceeds and avails thereof, "*First:* To pay all the costs, counsel fees and expenses of this trust. *Second:* To pay all the just claims which shall be due and owing and remaining unpaid on the first day of July thereafter, by and from the Guardian Savings Institution of the city of New York, such payment to be made to the creditors thereof ratably and in proportion to the amounts remaining due to them respectively on said last-mentioned day. *Third:* To pay over to Walter Roche, one of the parties of the first part, all the residue of such proceeds and avails remaining in the hands of the parties of the second part, after the payment of the costs, counsel fees and expenses, and the claims against the Guardian Savings Institution; and upon the further trust to reconvey to the said Walter Roche, his heirs and assigns, so much, and such parts and parcels of the herein above granted lands and tenements and premises as shall not be required to be sold for the purpose of making the payments herein above described and set forth." It was also provided in the trust deed, that no payment should be made to any creditor of the savings institution except upon the delivery by such creditor to Roche, of a proper instrument in writing assigning to him the claim of such creditor, and a subrogation of him to the rights of such creditor against that institution to the extent of the payments respectively; and that in the event of failure, neglect or refusal of any such creditor to execute and deliver such instrument of assignment and subrogation prior to the 1st day of July, 1873 (subsequently extended to October 10, 1874), the amount which would otherwise have been paid to such creditor should be paid over to Roche. The trustees named in the deed accepted the trust and took upon themselves the duties thereof.

At the time of the appointment of the plaintiff as receiver of the savings bank, Roche was indebted to it in a large amount, and the plaintiff commenced two actions against him

to recover the amount of such indebtedness. One action was commenced on the 12th day of February, 1872, which resulted in a judgment on the 25th day of February, 1874, in favor of the plaintiff, for upwards of $94,000. That judgment was, upon appeal by Roche reversed, and upon a second trial a judgment was recovered against him in April, 1877, for about $40,000. The second action was commenced on the 15th day of February, 1872, and resulted in a judgment in favor of the plaintiff, on the 19th day of June, 1874, for $72,281.62. Upon appeal by Roche, that judgment was, in May, 1878, reduced to $65,561.16. Executions upon all the judgments were, prior to the commencement of this action, issued and returned unsatisfied. It is admitted in the answers of the defendants McGowan and Roche, and was found by the referee, that the trust deed executed to the defendants Quinlan, Lynch and Develin embraced " substantially the entire estate " of Roche.

On the 11th day of July, 1872, Roche executed a deed of trust to the defendant McGowan, which recited that Roche was indebted to A. D. Barber, to the Blossom Club, to Foster and Thompson, and to Thomas C. T. Buckley, in various sums of money ; that he had executed the trust deed to the defendants Quinlan, Lynch and Develin, and that such trustees held a large part of the real estate conveyed in trust, the reversion and remainder whereof belonged to Roche and his heirs ; and then granted and conveyed to McGowan all such reversion and remainder, and all lands and property conveyed to such trustees which should remain after the due execution of their trust. The conveyance was, however, upon trust, to sell and dispose of the property conveyed, and out of the proceeds, first, to pay all the costs, counsel fees and expenses of the trust ; second, to pay all and every amount due or owing from Roche to Barber, the Blossom Club, Foster and Thompson and Buckley ; and third, after the payment of the several debts specified, to pay over any balance of the proceeds to Roche, his heirs and assigns ; and in case the whole of the property assigned and conveyed should not have been sold for the purposes specified, to reconvey the part so remaining unsold to Roche, his heirs and assigns.

McGowan accepted this trust. In September, 1873, Roche executed an assignment to McGowan, in which he mentioned the trust deed to Quinlan, Lynch and Develin, and recited that a large part of the real estate had been sold and conveyed by the trustees, and the proceeds thereof applied to the payment of the creditors of the savings institution; that other portions of the real estate would also be required to be sold for the purpose of discharging the trust created by that deed, the assets of the savings institution being insufficient for that purpose; that he would become entitled to have and receive the entire assets of the institution under and in pursuance of the terms and conditions of the trust deed, and an agreement bearing date the 9th day of December, 1871, executed between the creditors of the savings institution, Quinlan, Lynch and Develin as trustees, and other persons; that he was justly indebted to McGowan for a large sum of money for professional services rendered by him to Roche, and also for moneys paid, laid out, expended and advanced by him to and for Roche in and about his business and affairs; that McGowan had also incurred obligations for Roche which Roche was unable to pay or discharge, and that McGowan would be called upon to render further and additional professional services for him as his attorney and counsel, and to pay and advance other moneys, and to assume other obligations for him in and about his business, and in the defense of various actions which had been commenced against him in the courts of this State; and then he granted, bargained, sold and assigned to McGowan all his right, title and interest in and to the assets of the savings institution of every nature, kind and description whatsoever and in whosoever's hands the same might be, and also the claim or claims of any creditors of that institution which already had been assigned, or which thereafter might or should be assigned or transferred to Roche by, under, or in pursuance of the terms of the trust deed to Quinlan, Lynch and Develin, and the agreement before mentioned, to the extent of the payment made out of the proceeds or avails of property so conveyed; and the instrument

closed with the words, " to have and to hold the same unto the said John T. McGowan, his heirs and assigns forever."

This action was commenced about the 1st of January, 1880, and the plaintiff alleged in his complaint that the trust deed and assignment to McGowan were made at a time when Roche was insolvent; that they were fraudulent and void, and were made, executed and delivered by him with intent to hinder, delay and defraud his creditors, and he prayed judgment that the trust deed and assignment might be adjudged fraudulent and void as against the plaintiff, and that the property therein conveyed to McGowan might be converted and applied to the payment of his judgments. The defendants McGowan and Roche answered, denying all the allegations of fraud, and alleging other matters. The cause was referred to a referee, who found that Roche was solvent at the time of the execution of the trust deed and assignment to McGowan, and that he did not execute them for the purpose of defrauding, hindering, or delaying his creditors, and he dismissed the complaint.

The first point made here by the counsel for the plaintiff is, that the trust deed was fraudulent and void, upon its face, as against the creditors of Roche, because of the provision therein contained that the surplus, after paying the specified creditors, should be returned to Roche, and he cites to sustain his contention the cases of *Goodrich* v. *Downs* (6 Hill, 438); *Barney* v. *Griffin* (2 N. Y. 365); *Leitch* v. *Hollister* (4 id. 214); *Collomb* v. *Caldwell* (16 id. 484), and other like cases. But this case is distinguishable from those, in that here Roche was solvent. The learned referee so found, and there was evidence to justify his finding. The trust deed to Quinlan, Lynch and Develin is not assailed. That conveyed to the trustees unincumbered real estate worth about $400,000 for the purpose of paying, not Roche's creditors, but the creditors of the savings institution, and it embraced all his property except an equity of redemption in certain mortgaged real estate, and certain choses in action then supposed to be worth about $40,000, which, subsequently to the execution of the two instruments to McGowan, turned out to be of no value. Thus, substantially, all his property

consisted of equitable assets in the hands of his trustees. It was supposed in July, 1872, at the time of the execution of the trust deed to McGowan, that there would be a large surplus coming to Roche from such assets. The debts of the savings institution secured by Roche amounted to about $480,000 and the nominal amount of its assets was about $540,000. It does not appear how much of Roche's property had at that time been applied to the payment of the creditors of the savings institution, but some of it had been, and the claims paid had to a large amount been assigned to him. So after the execution of the trust deed to McGowan, Roche had, not only the property above mentioned which was not covered by the trust deed to Quinlan, Lynch and Develin, but his interest in the assets of the savings institution in consequence of the assignments to him of the claims of the creditors of that institution. There was, therefore, evidence justifying the finding of the referee that Roche was solvent before and after the execution of the trust deed to McGowan; and thus we are brought to the question, whether a deed by a solvent debtor of a portion of his property to trustees to pay a portion of his creditors, containing a provision that the surplus after the execution of the trust shall be returned to him, must, as a matter of law, be held fraudulent and void as to the creditors not provided for. There is no authority which requires us so to hold. A conveyance of real estate upon such a trust is authorized by the Revised Statutes (1 R. S. 728, § 55), and an assignment of personal property upon such a trust, with a reservation of the surplus, does not violate the statute against personal uses. (2 R. S. 135, § 1; *Cooper* v. *Whitney*, 3 Hill, 95; *Curtis* v. *Leavitt*, 15 N. Y. 9.)

If Roche, at the time of the execution of the trust deed to McGowan, had been insolvent and had conveyed substantially all his property by that deed, a different question would have been presented, and then the authorities cited and relied upon by the learned counsel for the appellant would have been in point. An insolvent, and even a solvent debtor cannot convey all his property to trustees to pay a portion of his creditors, with a provision that the surplus shall be returned to him, leaving

his other creditors unprovided for; because such a conveyance ties up his property in the hands of his trustees, places it beyond the reach of his creditors by the ordinary process of the law and thus hinders and delays them, and is, therefore, void as to the creditors unprovided for. But there is no rule of law and no reason for holding that a solvent debtor may not devote a portion of his property, by a trust deed, to the payment of a portion of his creditors, and if he leaves property sufficient for the payment of his other creditors, they have no just or legal ground of complaint. Here there was evidence justifying the referee in finding that upon the execution of the trust deed assailed, Roche had ample property to pay all his creditors not mentioned in that deed.

The referee found that the assignment executed to McGowan by Roche, in September, 1873, was in the nature of a mortgage, and that it was honestly made. He was unable from the evidence to find whether there would be any surplus after paying the claims justly due McGowan, but he found that if there should be any surplus, it would belong to Roche. That any creditor, whether solvent or insolvent, may, acting in good faith, mortgage a portion or the whole of his property to secure one or more of his creditors for any indebtedness, cannot be doubted. The referee found that Roche was at the time solvent, and it has never been questioned that such a debtor may mortgage his property to secure existing claims as well as future loans and advances. (*Hendricks* v. *Robinson*, 2 Johns. Ch. 283; *Leavitt* v. *Blatchford*, 17 N. Y. 521; *Dunham* v. *Whitehead*, 21 id. 131; *Robinson* v. *Williams*, 22 id. 380; *Ackerman* v. *Hunsicker*, 85 id. 43; *Simons* v. *First Nat. Bank*, 93 N. Y. 269.)

There was not, therefore, upon the facts found by the referee, any conclusive presumption that the two instruments executed by Roche to McGowan, were fraudulent and void as to the plaintiff.

The further claim was made that the trust deed to McGowan was void because of the omission of Roche and McGowan to comply with the requirement of the statutes regulating assign-

ments for the benefit of creditors. (Laws of 1860, chap. 348; Laws of 1867, chap. 860; Laws of 1870, chap. 92; Laws of 1872, chap. 838.) But it is entirely clear that those statutes have reference only to general assignments made by insolvent debtors for the benefit of all their creditors. The various provisions of those statutes are entirely inapplicable to the case of a partial assignment of this character of a portion of the debtor's property for the benefit of specified creditors. (*Tiemeyer* v. *Turnquist,* 85 N. Y. 516, 522.)

We are left then only with the question of the actual intent of Roche to hinder, delay and defraud his creditors by the instruments executed to McGowan, and upon that question there was evidence which authorized the finding of the referee, as matter of fact, that there was no such intent. The plaintiff's claims were disputed, and were substantially the only claims not secured. Taking into consideration all the facts and circumstances surrounding Roche and his property, it was for the referee to find whether the trust deed and assignment were in fact honestly made; and his finding having been affirmed at the General Term concludes us.

A further point is made by the learned counsel for the plaintiff that the referee ought not to have dismissed the complaint, but should have held the case, and required the defendant McGowan to account for any surplus in his hands. The answer to this is that the complaint was not framed and the action was not tried in reference to such relief, and the proper parties, towit, the creditors preferred in the trust deed, were not before the court. While the court had the power to order the pleadings to be amended, and the proper parties to be brought in, it was not bound to exercise such power. In dismissing the complaint upon the facts found, without prejudice to the plaintiff's right to commence an action against McGowan for an accounting, there was no error of which the plaintiff can legally or justly complain.

The elaborate opinion of the learned referee, in which the authorities are carefully compared and criticised, has rendered

it unnecessary for us to repeat the same labor or to set forth
the law and the facts of this case with greater elaboration.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.