Okey, J.
Upon the facts appearing in the foregoing statement, we are of opinion :
1. As David Ranney, when he loaned the money to Hardy- and acceptec| from him a mortgage ’on lot 17, knew that McKinnon was residing on the lot with his family, he was charged with knowledge of the terms and conditions upon which such possession was held. Cunningham v. Buckingham, 1 Ohio, 261; House v. Beatty, 7 Ohio (2 pt.) 84; Kelley v. Stanbery, 13 Ohio, 408; Williams v. Sprigg, 6 Ohio St. 585 ; McKinzie v. Perrill, 15 Ohio St. 162; Bank v. Sawyer, 38 Ohio St. 339, 343. And the other case [Zeller v. Bading) presenting the question whether knowledge by the mortgagee, at the time he accepted the mortgage, that the purchaser was in possession, was material, we answer the question in the negative. True, in some of the cases above cited, expressions may be found which seem to support the claim that such knowledge is important; but in neither of them was the fact material to the decision, and where, as in the case now before us,the premises are occupied by aman with his family as a homestead, no well considered case can be found, aside from those controlled by statutory provision, in which it was held that such possession was not notice to subsequent purchasers and mortgagees of the rights and interests of such occupant, although such pur *160 chaser or mortgagee did not know the premises were occupied. LeNeve v. LeNeve, Amb. 436; s. c., 2 Lead. Cas. in Eq. 35*, 63*, 4th Am. ed. 180; Wade on Notice, §§ 273-306; Holmes v. Powell, 8 De G. M. & G. 572 ; Hottenstein v. Lerch, 104 Pa. St. 454; Noyes v. Hall, 97 U. S. 34; Coari v. Olsen, 91 Ill. 273; Brunson v. Brooks, 68 Ala. 248 ; Pique v. Arendale, 71 Ala. 91. If the possession is not exclusive, or is not of a character to fairly give information that the occupant is asserting dominion over the property under some claim of right or authority, it will not operate as notice. Williams v. Sprigg, supra; Pope v. Allen, 90 N. Y. 298; Lincoln v. Thompson, 75 Mo. 613 ; Jeffersonville, etc., R. Co. v. Oyler, 82 Ind. 394; White v. White, 105 Ill. 313. But neither of the cases before us is within cases of that class.
2. As the note to David Ranney, secured by mortgage, ■was overdue at the time he indorsed it to C. W. Ranney, the latter occupies no better position than the indorser. Arid according to the law of this state (and in Illinois, Minnesota, Oregon, and Louisiana the rule seems to be the same) the fact that the note was overdue is not material. Baily v. Smith, 14 Ohio St. 396. Indeed, with us a mortgage is, both at law and in equity, a mere security for a debt, and the remedies to which the mortgagee or his assignee may resort are only afforded with a view to enforce payment of the debt. Harkrader v. Lieby, 4 Ohio St. 602; Williams v. Englebrecht, 37 Ohio St. 383; Rev. Stats., § 5782, as amended in 1883, 80 Ohio L. 66.
3. McKinnon purchasing in April, 1872, was not charged with constructive notice of the mortgage to David Ranney, subsequently executed and recorded, and might properly make payments in pursuance of his contract until notified by Ranney, in some form, that he claimed the unpaid purchase-money by force of his mortgage. Manley v. Hunt, 1 Ohio, 257; 1 Ohio St. 112; Doolittle v. Cook, 75 Ill. 354; approved Small v. Stagg, 95 Ill. 39; Laverty v. Moore, 33 N. Y. 658; Trustees of Onion College v. Wheeler, 61 N. Y. 88; Young v. Guy, 87 N. Y. 457; Kerr v. Day, 14 Pa. St. *161 112; Siter's Appeal, 26 Pa. St. 178; Frick's Appeal, 101 Pa. St. 485.
4. Precisely the same rule applicable to McKinnon applied to Seanlan and Caldwell. They were assignees and succeeded to the rights of McKinnon, and were entitled to the same protection in making payments to the vendor. The Trustees of Union College v. Wheeler, supra.
5. The action of C. W. Ranney in the one case, and Zeller in the other case, in view of the issues made therein, were, in effect, the assertion of claims, which they might well make, for the unpaid purchase-money. Young v. Guy, supra. By the pleadings in Ranney’s case, the issue is made whether any pai’t of the purchase-money remained unpaid; and Caldwell was asserting that the premises were not subject to the mortgage for any amount for the reason that he was a bona fide purchaser and that the purchase-money had been fully paid. Under the circumstances, we think the burden was on him to show that fact. The only evidence to show that the purchase-money, except as appears in the above statement of the case, had been paid by McKinnon? Seanlan, and Caldwell, was the deed from Hardy to the latter. This recited the payment of the whole purchase-money, and, as between the parties to it, was prima facie evidence of such payment; .but such recital in the deed was no evidence against Ranney. Rose v. Taunton, 119 Mass. 99.
6. It follows, therefore, that the district court erred in holding, on the facts appearing in this record, that Ranney was entitled to no relief. Whether or not he was entitled to relief depended upon .the fact whether the whole purchase-money had been paid by McKinnon, Scanlon, and Caldwell before he gave notice to them, by suit or in some equally unequivocal form, that he would claim the balance of such unpaid purchase-money. If it appear that the whole of the purchase-money was paid before he took any such step, he is entitled .to no relief; but if at the time he first asserted the right to such purchase-money, any part of *162 it remained unpaid, to that extent he is entitled to a decree against lot 17.
In Zeller’s case there is no error.
7. Counsel for plaintiffs in error insist that in Ranney’s case, the limited ground upon which we have placed his possible right to a decree, and the judgment denying any relief to Zeller, are inconsistent with principles recognized in several cases in this court, especially Grandin v. Anderson, 15 Ohio St. 286; Lewis v. White, 16 Ohio St. 444; McCombs v. Howard, 18 Ohio St. 436; Lefferson v. Dallas, Dayton, etc. R. C. v. Lewton, 20 Ohio St. 68, 401. But we do not think so.
Judgment reversed in Ranney v. Hardy, and affirmed in Zeller v. Bading.