Williams, C. J.
Possession of lands, by a vendee, under a contract for their future conveyance to him, is constructive notice of the contract, and of his equity in the land. Such vendee has an equitable estate in the land, equal to the amount of the purchase money paid by him, and which, upon full payment, may ripen into a complete equity, entitling him to the conveyance of the legal title according to the terms of the contract.
A mortgage executed by the vendor, on the premises, after the purchaser is put in possession, is subordinate to his *339 prior equity. He is not bound to examine the records for such encumbrances, nor is the record constructive notice to him. Until actual notice of the encumbrance, he may safely continue to make payments of the purchase money to his vendor, in pursuance to the contract. Such payments, though made after the recording of the mortgage, will not be regarded as a fresh purchase, but are made effective for the protection of the purchaser, by relation to the original contract. Nor can the subsequent mortgagee be allowed to impede the progress of the legal estate to the purchaser, or intercept the conveyance. But the mortgage creates a valid lien On the interest remaining in the vendor at the time of its execution, which, before conveyance, is the legal title, and a beneficial estate in the lands to the extent of the urn paid purchase money; and payments made on the purchase money to the vendor, by the purchaser after he has knowledge -of the mortgage, will be unavailing as against the mortgagee. Lefferson v. Dallas, 20 Ohio St. 68; Ten Eick v. Simpson, 1 Sandf. Ch. 244; Young v. Guy, 87 N. Y. 457; Fasthold v. Reed, 16 Serg. & R. 266; Warvelle on Vendors, vol. 1, p. 188, and vol. 2, p. 687.
If it be conceded, as some authorities maintain, that, as the vendor is a mere trustee of the lands for the vendee, and the latter is the trustee of the purchase money for the former, the lien of á mortgage executed by the vendor after the contract of sale does not attach to the lands, but only to his claim against his vendee for whatever may then remain unpaid on the purchase, still, the mortgage would, at least, be operative to transfer to the mortgagee, for his security, the mortgagor’s claim against the purchaser. For, if it neither conveys any estate in the land, nor transfers the mortgagor’s right to the unpaid purchase money, it is without any validity whatever. No authority has been found which denies the validity of such a mortgage; and, if it be effective only as an assignment of the mortgagor’s claim against the vendee, the latter, after notice, is under the same obligation to pay to the mortgagee the balance owing by him on the land, that *340 every debtor is under' to pay his debt to his creditor’s assignee, after knowledge of the assignment.
In this case, the possession of the defendant, Dixon, as shown by the agreed statement of facts, was sufficient notice of his rights under the contract of purchase; and the record was not constructive notice to him of the plaintiff’s mortgage. Before he had actual notice of the mortgage, Dixon made payments to Hardy, on the contract, to the amount of six hundred and fifty dollars. These payments, it is admitted, were valid, and to that extent, Dixon discharged his indebtedness on the purchase, without incurring any liability to the plaintiff. The controversy concerns the remainder of the purchase money. It is averred in Dixon’s answer, that he had paid six hundred and fifty dollars to Hardy on the contract, before he had knowledge that the mortgage of the plaintiff had been placed on the property; which sum, with interest, he alleges he is entitled to have paid back to him before any payment shall be made on the mortgage. This amount, is all that he alleges was paid on the purchase prior .to his knowledge of the mortgage, which is an admission that any further sum paid thereon was paid with such knowledge. Besides, it is set forth in the agreed statement of facts, upon which the cause was disposed of in the circuit court, that Dixon did not know that Hardy had placed a mortgage on the premises until they came to settle in March, 1876; that on the 25 th day of March, 1876, Dixon made his last payment upon the contract, to Hardy, which amounted to seven hundred dollars, and, at the time the payment was made, Hardy promised to have the plaintiff’s mortgage .canceled by the following Monday; and that it was only a few days before this payment was made, that Dixon discovered that the property had a mortgage upon it, given to the plaintiff by Hardy, and relying upon the promise of Hardy to cancel the mortgage, Dixon made the payment, and took Hardy’s warranty deed for the premises.
Dixon contends, that his knowledge of the mortgage as thus shown, does not entitle the plaintiff to charge him, or the property, with the amount of the last payment made to *341 Hardy, because it does not appear that the notice of the mortgage came from the plaintiff, nor, that it apprised him that the mortgage was unsatisfied; and furthermore, that upon the authority of Zeller v. Bading, 43 Ohio St. 157, he had the right to continue to make payments of the purchase-money to Hardy, until the plaintiff should, by suit, or in some other unequivocal form, assert his claim to the money, and before this was done, he had completed his payments and received his deed. The general rule is, that in order to charge a party with notice- of the rights of another, it is not necessary that the information be received directly from the latter. If it is derived from a source entitled to credit, and distinctly brought to the knowledge of the person sought to be affected by it, the notice is as effectual and binding as if it came from the person himself who claims the benefit of it. Mere rumor is not sufficient. The information must be such as men commonly act upon in the ordinary affairs of life. A party who has sufficient information of that character, to lead him to a fact, is to be deemed conusant of the fact. He is put upon inquiry, and is chargeable with notice of those facts which diligent inquiry would reveal. The admitted facts show that the existence of the plaintiff’s mortgage was distinctly brought to the knowledge of Dixon before the last payment was made to Hardy. The information was regarded of such reliable character as to be made the subject of an agreement between them, and induce Dixon, before making the payment, to exact a promise from Hardy to obtain the cancellation of the mortgage. Dixon knew the mortgage was uncanceled, and it so appeared of record. Prima facie, it was therefore a subsisting and unsatisfied mortgage. It is not claimed that Dixon had any information to the contrary. Reasonable inquiry would have afforded him knowledge of the precise sum due on the mortgage. Under these circumstances, he chose not to make the inquiry, but rather to rely on the promise of Hardy to discharge the mortgage, and upon the faith of that promise to pay him the money which he knew rightfully belonged to the plaintiff. The promise was not fulfilled, and either Dixon, or the plaintiff, in consequence, *342 must be the loser. The loss, we think, must fall upon Dixon, who not only had it in his power to prevent it, and did not, but whose conduct was the means of bringing it about, by reposing confidence in Hardy, and entrusting him with the money, when he knew the plaintiff was entitled, to receive it.
It is true, it is said in the case of Zeller v. Bading, supra, that a vendee of land, who is in possession, may safely, as against a subsequent mortgage executed by the vendor, continue to make payments on the contract of purchase, until the mortgagee, by suit, or in some other unequivocal form, asserts the right to receive the unpaid purchase money. In that case, the mortgagee sought by his suit, to foreclose the mortgage. It was found that the first notice the purchaser had of the mortgage was long after he had received his deed, and, he claimed, after he had paid the purchase money. It does not appear that he had any notice before the suit was commenced. There can be no doubt that the commencement of the action was effectual as notice of the mortgagee’s rights. But whether any other notice would be equally effectual, was not a question in the case. It was held, that the mortgage was valid, and that the mortgagee was entitled to foreclose for whatever balance remained unpaid on the purchase. What is said in regard to the right of the purchaser to continue to make payments on his contract until the mortgagee should by suit or in some other unequivocal form assert the right to receive the unpaid instalments of the purchase money, may not be inappropriate when confined to the circumstances of that case, but it is not applicable to the case before us. If, until a suit shall be instituted against the purchaser to subject any part of the purchase money that may then be unpaid to the satisfaction of the mortgage indebtedness, the mortgagee has no rights under the mortgage, against the land or the purchaser, which can otherwise be protected, of what validity is the mortgage ? Without its aid, the mortgagee could maintain a suit to subject his debtor’s choses in action to the payment of his debt. *343 The same remedy would be equally open to any other creditor of the mortgagor.
This case is governed by the well settled rules of law to which we have referred, and in so far as Zeller v. Bading, supra, is in conflict with them, it is disapproved.
The judgment of the circuit court is reversed, and proceeding to render the judgment which that court should have rendered, a decree of foreclosure will he entered in favor of the plaintiff for the sum of $700, with interest from March 25th, 1876.