MARTIN COFFIN, Respondent, *v.* WILLIAM LOCKHART, Appellant, Impleaded, etc.

*Sale of real estate subject to an outstanding mortgage — bond and mortgage subsequently given by the purchaser to the vendor to secure the assumption of such mortgage — want of consideration.*

Martin Coffin, having executed a bond and mortgage to Charles Parsons, conveyed the mortgaged premises to William Lockhart, subject to the Parsons mortgage, which, by the deed, Lockhart assumed, and agreed to pay, as part of the purchase price. About five years thereafter, Lockhart executed to Coffin a bond

and mortgage upon other land, conditioned for the payment of the amount of the Parsons mortgage, and to save Coffin harmless from liability by reason thereof. Thereafter, Parsons foreclosed his mortgage, and obtained a judgment for deficiency against Coffin.

About the same time, Coffin brought an action against Lockhart for specific performance of the agreement contained in the deed, to assume and pay the Parsons mortgage, and obtained a judgment against Lockhart for the amount due and unpaid on that mortgage, execution on which judgment was issued, and returned *nulla bona.* Thereafter, Coffin brought an action to foreclose the mortgage executed by Lockhart to him, and obtained a judgment of foreclosure and sale to satisfy the sum which he (Coffin) had been compelled to pay on the Parsons mortgage.

*Held,* that the judgment should be reversed. (Putnam, J., dissenting.)

The doctrine applied, that, when a purchaser of real estate, subject to an outstanding mortgage, assumes, by his deed, the payment of the mortgage as part of the purchase price, and the vendor accepts that agreement as complete, without exacting any security as collateral to the same, a bond and mortgage thereafter executed by the purchaser to the vendor, as an original undertaking, to secure the payment of the mortgage already assumed by him, without any new or other consideration, will be void for want of consideration, so long as the original agreement to pay the assumed mortgage remains in full force.* (Per Mayham, P. J.)

Appeal by the defendant, William Lockhart, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Warren county on the 31st day of December, 1892, upon a decision of the court rendered after a trial by the court at the Warren County Circuit and Special Term.

*Charles R. Patterson,* for the appellants.

*J. H. Bain,* for the respondent.

Mayham, P. J.:

This is an appeal from a judgment entered upon the decision of the court at Special Term in an action to foreclose a mortgage.

On the 1st of January, 1880, the plaintiff executed his bond, conditioned for the payment of $1,500 to Charles Parsons, and as collateral thereto, executed and delivered to Parsons a mortgage on certain real estate belonging to the plaintiff, to secure the payment of the aforesaid sum.

On the 9th of October, 1884, the plaintiff and wife, by warranty deed, conveyed the mortgaged premises to William Lockhart, this

---

* See *Roberge* v. *Winne, ante,* page 172.— [Rep.

defendant, for the consideration of $2,500, $1,000 of which was paid at the time, and the remaining $1,500 the defendant Lockhart, in and by the deed received by him, agreed to assume and pay in the payment of the $1,500 and interest on the Parsons mortgage. The language in said deed by which the defendant assumed this payment is as follows : " This conveyance is given subject to a mortgage of $1,500 and interest from October 1st, 1884, which the party of the second part hereby assumes and agrees to pay as a part of the purchase price."

On the 10th day of December, 1889, the defendant Lockhart executed and delivered to the plaintiff his bond with the penalty of $3,000, containing the following condition : " The condition of this obligation is such that if the above-bounden heirs, executors or administrators shall well and truly pay, or cause to be paid unto the above-named Martin Coffin, or his certain attorney, executors, administrators or assigns, the just and full sum of $1,500, with interest according to the conditions of a bond executed by Martin Coffin to Charles Parsons, dated January 1st, 1880, to secure the payment of the sum of $1,500 with interest.

" This bond is given to secure said Martin Coffin and save him harmless of and from all liability upon or by virtue of the said bond so given by him to the said Charles Parsons. The premises described in the mortgage given by said Coffin to said Parsons to secure the aforesaid bond having been conveyed to the party of the first part, and he having assumed and agreed to pay said bond and mortgage as a part of the purchase price for said premises."

As collateral to this bond the defendant at the same time executed and delivered to said Coffin a mortgage, which mortgage, among other things, contained the following : " Provided, always, and these presents are on the express condition that if the said William Lockhart, or his heirs, executors or administrators shall well and truly pay or cause to be paid to the party of the second part, executors, administrators or assigns, the sum of $1,500, with interest, according to the conditions of a certain bond or writing obligatory, bearing even date, herewith executed by the said Lockhart to said Coffin, the said party of the second part, which said sum the said William Lockhart hereby covenants to pay, then these presents shall cease and be void."

The mortgage also contained the usual condition in case of default by the defendant in paying according to the terms of the bond.

On the 27th day of July, 1891, an action was commenced by Charles Parsons against the plaintiff and defendant, to foreclose the mortgage of $1,500 given by the plaintiff to Parsons, the payment of which had been assumed by the defendant Lockhart, in the deed of conveyance to him, and such proceedings were thereupon had that judgment of foreclosure and sale was entered in said action in September, 1891, and on the 31st day of December, 1891, a judgment for deficiency on said foreclosure and sale was entered and docketed in the proper county against this plaintiff for $803.69.

About the 26th of November, 1890, this plaintiff commenced an action against this defendant and one Walter Lockhart, setting up the conveyance of these premises by the plaintiff to the defendant and the condition in the deed, by which this defendant assumed and agreed to pay the Parsons mortgage, and praying that a specific performance of that agreement be decreed against this defendant, and such proceedings were thereupon had; that on the 17th day of August, 1891, a judgment was recovered against this defendant in favor of the plaintiff in that action for the sum of $1,626.67 damages and $43.18 costs, being the amount claimed to be due and unpaid on the $1,500 Parsons mortgage. This judgment contained this recital:

"In case the defendant William Lockhart pays or satisfies the said bond and mortgage described in the complaint and in the report of said referee before the sum of $1,626.67 be collected upon execution, then there shall be credited upon any execution issued or to be issued for the collection of this judgment, the said sum of $1,626.67, with the interest thereon, but this provision shall not in any manner affect the execution issued or to be issued for the collection of the costs of this action."

On this judgment execution was issued to the sheriff of the proper county on the 18th of August, 1891, and also an execution on the same judgment on the 12th of December, 1891, which first-mentioned execution was indorsed "received August 18, 1891," and returned *nulla bona* the 5th of October, 1891, by the sheriff of Warren county.

On the 19th of November, 1891, this action was commenced for the foreclosure of the mortgage executed by defendant to plaintiff dated December 10, 1889.

The complaint in this action was in the usual form of a complaint in foreclosure, but recited that said bond and mortgage was upon condition that the defendant should save the plaintiff "harmless of and from all liability," upon and by virtue of a certain bond executed by Martin Coffin to Charles Parsons, dated January 1, 1880, which bond was conditioned for the payment of $1,500. The answer set up substantially the transactions between the plaintiff and defendant, the prosecution of the equitable action for a specific performance, and that no effort had been made at the time of the commencement of this action for the collection of the judgment recovered in that equitable action; that that action resulted in the recovery of the amount claimed to be due on this mortgage; that the defendant, at the time of the commencement of this action, was the owner of the premises described in the mortgage; that the plaintiff still owns and holds the judgment in the action for specific performance, and that there is no valid consideration for the mortgage on which this action is brought.

The trial judge found, as a conclusion of law, that there was due upon the bond and mortgage in suit in this action the sum of $803.68, and directed judgment of foreclosure and sale of the mortgaged premises to satisfy that amount, and judgment against the defendant for any deficiency that might arise on said sale. Upon this, judgment was entered, and from that judgment plaintiff appealed.

The defendant on purchasing the premises in question became liable to pay, as a part of the consideration, the sum of $1,500, to satisfy a mortgage then upon the premises.

That sum he failed to pay, and the plaintiff, who was primarily liable upon the bond to which that mortgage was collateral, was compelled to, and did pay the sum which is found due in this action.

The appellant's contention is that the bond and mortgage in suit in this action was void for want of consideration. If this bond and mortgage was an original undertaking between the parties to it, with no other consideration than that which the defendant agreed by accepting the deed to perform, then it would seem that the defend-

ant's contention is sound, as in that case there would be no new consideration for the giving of the same, the defendant having already contracted to pay the $1,500 by his acceptance of the deed containing that agreement, and the plaintiff at that time having accepted that agreement without exacting any security as collateral to the same.

There could not, therefore, be any consideration of benefits to the mortgagor to support this bond and mortgage, or of harm to the mortgagee, by not reserving such collateral, as the rights of the parties, so far as the payment of this $1,500 is concerned, were fixed by the agreement in the deed, and there is nothing in the case from which any new consideration can be found. This would seem to bring the case within the decision of *Vanderbilt* v. *Schreyer* (91 N. Y. 392).

That was an action to charge a guarantor with the payment of a mortgage guaranteed by him. The plaintiff in that action undertook to build a house, and was, by the contract, to be paid in part by the assignment of the $5,000 mortgage. At the time fixed in the contract for making the assignment the defendant tendered the mortgage, duly assigned, without guaranty.

The plaintiff insisted upon the defendant guaranteeing the same, and he accordingly, without any new consideration moving to him for such guaranty, yielded to the plaintiff's request, and guaranteed the mortgage. In an action upon such guaranty it was held that the same was without consideration and void as to the guarantor, and Ruger, J., in discussing that question, says: "It being clear that Vanderbilt had no legal right to require, as a condition to the fulfillment of his contract, the performance of an act not required by the contract, it is difficult to see what benefit he has bestowed or what inconvenience he has suffered in return for the undertaking assumed by the defendant.

" He promises to do only that which he was before legally bound to perform, even though it lay in his power to refuse to perform his contract; he could do this only upon paying the other party the damages occasioned by his non-performance, and that in contemplation of law, would be equivalent to performance.

" He had no legal or moral right to refuse to perform the obligation of the contract into which he had, upon a good consideration,

voluntarily entered. There is no evidence in support of the claim that this guaranty was given as a compromise of any dispute arising with reference to the obligations of the plaintiff under his contract with Gebhart and Ritchie. The case is not, therefore, brought within the cases in which a promise has been upheld on the theory that it was made in settlement of a controversy over disputed claims. The authorities seem quite uniformly to show the inadequacy of the consideration alleged for the guaranty in question."

And the learned judge also says: "The incorporation of this guaranty into the assignment, for which there was a consideration, does not affect the question. It was not essential to the assignment, and was so far as its legal effect was concerned a separate instrument, and must be supported upon a sufficient consideration, or treated as a *nudum pactum.*"

It is quite clear that the plaintiff had no right to demand this guaranty by the terms of the original contract."

It seems to us that the same may be said in reference to the right of the plaintiff to demand the execution and delivery of the mortgage of December tenth as a guaranty for the performance by the defendant of his implied agreement in the acceptance of the deed. The rule seems well settled that the past transaction, complete in itself, by which the rights and obligations of the parties became fixed, furnishes no good consideration to support a subsequent agreement by which one party to the contract assumes new and increased obligations, without any new consideration.

In the case at bar the contract between the plaintiff and defendant was complete in itself when plaintiff conveyed his farm to the defendant, and received $1,000 of the consideration, and accepted the defendant's agreement in the deed to pay the balance of $1,500 consideration upon the outstanding mortgage.

That agreement being complete in itself, it did not lie with the plaintiff subsequently to demand of the defendant collateral security for the performance of that agreement, and any collateral security given without new and adequate consideration moving from the plaintiff to the defendant, would be a *nudum pactum* so long as the original contract remained in full force, unchanged and unaffected by the new agreement.

It is quite true, as contended by the learned counsel for the

respondent, that the defendant, by taking a conveyance of the land, which, by its terms, subjected him to the payment of the mortgage, and which he assumed and agreed to pay, became bound to indemnify his guarantor against liability for the mortgage debt. (*Comstock* v. *Drohan*, 71 N. Y. 9.)

But it is equally true that that obligation to indemnify grew out of, and the obligation of the defendant was created by, his original agreement to assume and pay the mortgage debt, and when that contract was consummated, any additional agreement subsequently made to secure the plaintiff against his liability, to be binding, must be upon a new and sufficient consideration.

If we are right in this conclusion, the other questions raised by the appellant on this appeal need not be examined.

Judgment reversed and a new trial ordered, costs to abide the event.

HERRICK, J., concurred in result.

PUTNAM, J. (dissenting):

This action was brought to foreclose a mortgage executed by defendant to plaintiff. The latter had made and delivered to one Charles Parsons his bond for the sum of $1,500, secured by a mortgage upon real estate, which, upon October 29, 1884, he sold to the defendant, who paid $1,000 in cash, and assumed the said Parsons bond and mortgage in payment of the purchase price of said premises. On December 10, 1889, without any new or other consideration, defendant executed the bond and mortgage set out in the complaint to secure the performance of his obligation to pay the Parsons bond and mortgage, and to secure plaintiff and save him harmless of and from all liability upon or by virtue of the said last-named mortgage, the payment of which has been assumed, as above stated, by the defendant.

It is urged by the appellant that the bond and mortgage upon which this action is brought were given without any legal consideration, and hence that the court below erred in directing judgment for the plaintiff. That by and under the provisions of the deed executed by plaintiff and accepted by defendant, the latter assumed the payment of the Parsons bond and mortgage and became legally liable to pay the same as principal debtor. The contract between

the parties being complete in itself, plaintiff as surety could not call upon defendant afterwards for collateral security for the performance of his agreement, and any such security given without a new and adequate consideration was *nudum pactum* as long as the original contract remained in full force unaffected by the new agreement.

I am unable to concur in this position of defendant's, believing that the court below made the proper disposition of the case. The bond and mortgage upon which this action was brought were made to secure a concededly valid obligation existing in favor of plaintiff and against defendant when the mortgage was executed. This obligation was a sufficient consideration to sustain the bond and mortgage in an action brought by the mortgagee against the mortgagor. (Jones on Mortgages, § 458; *Havens* v. *Willis*, 17 Wkly. Dig. 372; *Hiscock* v. *Phelps and Others,* 49 N. Y. 97; *Buck et al.* v. *Axt*, 85 Ind. 512; *Knapp* v. *McGowan et al.*, 96 N. Y. 75, 76–86; *Young* v. *Guy*, 23 Hun, 1, 2; 87 N. Y. 457; *Hewitt* v. *Powers*, 84 Ind. 296; *Cooley* v. *Hobart*, 8 Iowa, 358; *Wright* v. *Bundy*, 11 Ind. 400–409; *Work* v. *Brayton*, 5 id. 396; *Youngs, Admin., et al.* v. *Wilson et al.*, 27 N. Y. 351; *Louthain* v. *Miller*, 85 Ind. 161.)

This case is not like that of *Vanderbilt* v. *Schreyer* (91 N. Y. 392), and kindred cases, to which we are referred by the learned counsel for appellant. In the case cited the defendant, being by his contract legally bound to assign a bond and mortgage without a guaranty, in payment of an installment due on a building contract, and the plaintiff refusing to accept such assignment without the guaranty, executed such guaranty with the assignment, without being under any legal liability so to do, and without any new consideration. The defendant in the case cited, therefore, took upon himself a new and distinct obligation, without any new consideration. The cases and authorities referred to by Judge RUGER in *Vanderbilt* v. *Schreyer* (*supra*), are all to the same effect.

The distinction between such cases and that under consideration is clear. Here the bond and mortgage does not hold the defendant to any obligation he had not previously incurred by the acceptance of the deed from plaintiff, being given merely to secure such existing liability. Prior to the execution of the instruments in question defendant was legally bound to pay the Parsons bond and mortgage. He was under a liability *to plaintiff* to do so, and the mortgage in

question was given to secure to the plaintiff the performance of said legal obligation. As held in *Knapp* v. *McGowan* (96 N. Y. 86), a debtor may mortgage his property to secure existing claims. The difference between this case and the authorities relied upon by appellant is that the mortgage in suit was given to secure a conceded liability, while in the authorities so cited by defendant a new and distinct liability was assumed without any new consideration.

I have examined the other cases cited by defendant, but do not deem it necessary to discuss them. They do not support her contention.

The former ineffectual action brought by plaintiff, for a specific performance is not a bar to the present one. The former and present actions are not inconsistent, each being brought to enforce the contract. Also, as an execution was issued and returned unsatisfied on the judgment obtained in the former action, the provisions of section 1630, Civil Code, do not prevent the plaintiff's recovery. I have examined the several exceptions taken by the defendant, mentioned in his brief. I do not think they need discussion, or that either of them require a reversal of the judgment. It seems to me, on the conceded or clearly established facts of the case, plaintiff was entitled to the judgment of foreclosure directed by the learned trial justice, and, therefore, that the judgment should be affirmed, with costs.

Judgment reversed and new trial ordered, costs to abide the event.