## NEW YORK COMMON PLEAS.

### BROWN'S WATER FURNACE COMPANY agt. PETER FRENCH.

A party has no right to annex any condition to the performance of a contract not specially provided for in the contract.

*General Term, July,* 1866.
*Before* DALY, BRADY *and* CARDOZO, *Judges.*

*By the court,* BRADY, J.   By the agreement between the parties, the plaintiffs had the right to make all alterations which might be necessary to warm the defendant's house, and they were bound to remove from the premises all rubbish which might accumulate in the performance of the contract. They were to be paid $500 when the furnace was "completed and ready for operation," and a balance of $300 so soon as the furnace should have proved to operate as agreed upon.   The plaintiffs, in the language of the agreement, "completed the furnace," and received the first payment of $500.

There is no doubt that the furnace did not warm the house to a "sufficiently high and superior temperature," as provided by the agreement, nor is there any doubt that when the plaintiffs were advised of its failure, they were willing to make the attempt so to improve it as to accomplish the object contemplated.   To do so, however, it is conceded, that they would be obliged to mutilate the walls of the defendant's house, and remove and destroy a portion of the paint and paper covering them.   The defendant was not willing; therefore, to grant to the plaintiffs the privilege of perfecting the contract, unless they would leave his walls in such condition as they found them, the paint and paper either undisturbed or restored.

The judge on the trial, instructed the jury that he had no right to annex any condition of that character, not having

provided. therefor in the contract. Whether the plaintiffs would be called upon to do as required by the defendant, would depend upon the question whether their work was done in a skillful and workmanlike manner. There was no proof on the subject, and the contract is silent as to this obligation or claim. It may be said to be a general rule, that each trade, in the exercise of its calling, is required to do only the things which are related to it. The carpenter who is employed to repair a painted door, for example, and who, in the service performed, necessarily removes the paint, is not required as a part of his undertaking, to repaint the place mutilated, unless it be so provided in the agreement, or unless it is necessarily imposed upon him in doing the thing done, in a skillful and workmanlike manner. The same observation may be made of other mechanics who leave the debris of their skill as well as its fruits behind them, and who must, sometimes, be followed by some other workman, whose skill completely finishes the work undertaken.

There are many things, apparently trifling in their results, which require much handicraft, and several workmen of different trades—a group of mechanics, each one of whom contributes in some degree to the object designed to be accomplished, and without whose assistance it could not be thoroughly done.

It cannot, therefore, be supposed, in the absence of any proof showing the custom or usage, or duty of the workmen on the subject; that a mechanic who agrees to perform an act specified, has undertaken not only to do that act, but to cover up the evidence of his progress or workmanship. If he should unnecessarily injure or deface the property upon which he might be employed, the rule would be different; but whether he did so or not, would depend entirely upon the question already suggested, namely whether the work done was done in a workmanlike and skillful manner.

In this case, it appears that the defendant, by the original agreement, allowed the plaintiffs to make all the alterations

necessary to warm his house; and this agreement must be construed to extend over the period which should accrue between the commencement of the work, and the time when the apparatus being completed, the sum of $300 withheld, should become due—a subsisting right to make the necessary alterations to accomplish the degree of temperature necessary to satisfy the conditions of the contract. The plaintiffs, for aught that appears in the proofs, could have done at the outset what they contemplated doing after the furnace was found to be insufficient.

Upon a deliberate and thorough consideration of this case, therefore, it is evident that the charge of the presiding judge at the trial was not erroneous. The defendant had no right to impose the conditions stated, upon the plaintiffs' right to re-enter for the purpose of perfecting the furnace.

The other questions arising upon the appeal having been disposed of on the argument, the judgment must be affirmed.

NOTE.—The *Note* to the case of *White* agt. *Calder*, 33 *How. Pr. Reports*, 392, was made to the wrong case—it erroneously appearing in that case that it was an appeal from the N. Y. Superior Court; when the fact, as we understand it is, that case was in the Supreme Court, and tried at the Delaware circuit, before Judge BALCOM.

The Note made in 33 *Howard*, was intended to apply to a cause in the N. Y. Superior Court (the title of which is not recollected), tried before Judge BARBOUR, and is correct, with the exception that it was a *sealed verdict*, and the fine imposed upon the jurors was $250 each, instead of $500.—REP.