PETER J. VANDERBILT, Appellant, *v.* JOHN SCHREYER, Impleaded, etc., Respondent.

A provision in the assignment of a bond and mortgage, guaranteeing its payment "by due foreclosure and sale," is not an absolute guaranty of payment, but is a conditional undertaking to pay any deficiency arising on foreclosure and sale.

Such a guarantor, although conditionally liable only, was prior to the adoption of the Code of Civil Procedure, by force of the Statute (2 R. S. 191, §§ 153, 154) properly made a party defendant in an action to foreclose the mortgage, and judgment therein against him for a deficiency is proper.

In an action to foreclose a mortgage so assigned, wherein S., the assignor and guarantor, was sought to be charged with a deficiency, he answered, alleging in substance that plaintiff contracted with G. and M. to erect for them certain buildings and receive in payment for the first installment due under the contract, an assignment from S. of the bond and mortgage in question ; that plaintiff commenced performance, and when he became entitled to the first payment S. offered to assign, but plaintiff refused to accept or to go on with the work unless the guaranty was made; that S., believing he was acting under compulsion, thereupon executed the assignment and guaranty in question, and that " no consideration ever passed to him (S.) or his principal, for such guaranty." S. offered to prove these allegations on the trial, but the same were excluded. *Held* error ; that the facts alleged showed the guaranty to have been given without consideration ; that the assignment itself was not conclusive on this point and might be disproved ; that plaintiff had no right to demand the guaranty under his contract, and the incorporation of the guaranty into the assignment, for which there was a consideration, did not affect the question, as the guaranty was, so far as its legal effect was concerned, a separate instrument, which must be supported upon a sufficient con-

sideration, or treated as *nudum pactum ;* and that, therefore, the answer set up a good defense:
*Vanderbilt* v. *Schreyer* (21 Hun, 537), reversed.

(Argued January 23, 1883 ; decided March 6, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 1, 1880, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at a Special Term and dismissed the complaint. (Reported below, 21 Hun, 537.)

The nature of the action and the material facts are stated in the opinion.

*T. M. Tyng* for appellant. The defendant, John Schreyer, was properly made a defendant in the present action, and was chargeable with any deficiency ; and this, whether his guaranty was of " payment " or " collection." (Code of Civil Procedure, § 1627 ; *Scofield* v. *Doscher*, 72 N. Y. 491 ; 85 id. 226 ; 84 id. 105.) The assignment being an instrument under seal full consideration may be presumed, and the onus lay upon the defendant to show the absence of consideration. (*Home Ins. Co.* v. *Watson*, 59 N. Y. 390.) There was an abundant consideration for the guaranty. (*Home Ins. Co.* v. *Watson*, 59 N. Y. 390.)

*John L. Lindsay* for respondent. If the original debt or obligation is already incurred or undertaken previous to the collateral undertaking, then there must be a new and distinct consideration to sustain the guaranty. (2 Parsons on Contracts [5th ed.], 7 ; *Tinker* v. *Geraghty*, 1 E. D. Smith, 687 ; *Geer* v. *Archer*, 2 Barb. 420 ; *Homan* v. *Liswell*, 6 Cow. 659 ; *Gottsberger* v. *Rodway*, 2 Hilt. 342 ; *Farnsworth* v. *Clark*, 44 Barb. 601 ; *Van Allen* v. *Jones*, 10 Bosw. 369 ; *Halliday* v. *Hart*, 30 N. Y. 474 ; *Scott* v. *Hart*, 2 How. 58 ; 17 Johns. 169 ; *Sands* v. *Hill*, 42 Barb. 651 ; *Reband* v. *De Wolf*, 1 Paine's C. C. 580 ; *Elder* v. *Warfield*, 7

Harr. & J. 391; *Ware* v. *Adams,* 24 Me. 177; *Parker* v. *Barker,* 2 Metc. 423; *Anderson* v. *Davis,* 9 Vt. 136; *Blake* v. *Parlin,* 22 Me. 395; *Bell* v. *Welch,* 9 C. B. 154; *Minturn* v. *Seymour,* 4 Johns. Ch. 497.) Until after foreclosure and sale no action could lie against Schreyer. (*Moakly* v. *Riggs,* 19 Johns. 69; *Sawyer* v. *Haskell,* 18 How. Pr. 282; *Taylor* v. *Bullew,* 6 Cow. 624; *Thomas* v. *Woods,* 4 id. 173; *Crumpson* v. *McNair,* 1 Wend. 457; *White* v. *Case,* 13 id. 543; *Curtis* v. *Smadman,* 14 id. 231; *Eddy* v. *Stanton,* 21 id. 255; *Loveland* v. *Shepherd,* 2 Hill, 139; *Burt* v. *Homer,* 5 Barb. 501; 6 id. 547; *Mosher* v. *Hotchkiss,* 3 Keyes, 161; *Craig* v. *Parkes,* 40 N. Y. 181.) If the contract described be absolute, but the contract proved be conditional, or in the alternative, it is fatal. (1 Greenleaf on Evidence [Redf. ed.], 71, § 58.) The point that the original answer " admits that he guaranteed payment thereof" is not well taken. (*Jarvis* v. *Sewell,* 40 Barb. 449; *Burt* v. *Place,* 4 Wend. 591; *Ritchie* v. *Putnam,* 13 id. 524; *Dresser* v. *Brooks,* 3 Barb. 429.)

RUGER, Ch. J. This was an action to foreclose a mortgage for $5,000 given September 5, 1873, by one James Dunseith and wife to John Schreyer, and by him assigned to the plaintiff on the 5th day of May, 1874.

Schreyer was made a party defendant, and it was sought to charge him with the payment of any deficiency that might arise upon a sale of the mortgaged premises, upon the ground that he had guaranteed the payment of the mortgage debt.

Schreyer answered, and after admitting the assignment and the guaranty of payment alleged by way of defense, that on the 2d day of February, 1874, the plaintiff entered into a contract with George Gebhard and Matthew L. Ritchie for the erection by him of certain buildings for them upon certain lots in the city of New York, for which he was to receive $8,175, to be paid as follows: " When the said houses are topped out, a payment of $5,000 by assignment of a bond and mortgage held by John Schreyer on the property of Anna Maria Schreyer, No. 350 West Forty-second street, New York

city," and the balance, amounting to $3,175, when the houses should be fully completed. Vanderbilt commenced performance of his contract and continued until he became entitled to the assignment of the $5,000 mortgage. Schreyer thereupon offered to assign it to the plaintiff, but the latter refused to accept an assignment unless Schreyer would also guarantee payment. The defendant refused to do this, and Vanderbilt then suspended work upon the buildings for about two months. The defendant then under protest, and believing as he alleges that he was acting under compulsion, executed the assignment with the guaranty in question. The plaintiff then completed his contract and received the balance of the consideration. The answer further states "that it was neither under said contract or otherwise made a condition of the plaintiff's accepting the assignment of said mortgage that this defendant or any other person should guarantee the payment thereof," and further "that no consideration ever passed to him or his principals for such guaranty and the same was and is null and void."

Upon the trial of the action at Special Term the plaintiff produced and proved the mortgage in question, and also an assignment from defendant to plaintiff in the usual form, but containing the following clause : "And I hereby guarantee the payment of said bond and mortgage for $5,000 and interest from May 5, 1874, by due foreclosure and sale." The assignment and guaranty were sealed and executed in the presence of a subscribing witness. The plaintiff thereupon rested, and the defendant offered to prove in substance the facts alleged in his answer, which offer was objected to and excluded upon the ground that such answer did not set up facts constituting a defense. The defendant excepted to such ruling. The court thereupon held that said guaranty was absolute and ordered judgment against Schreyer for the deficiency which had previously been ascertained by a sale of the premises. An appeal was taken to the General Term, which reversed the judgment and directed a dismissal of the complaint upon the ground that Schreyer was improperly made a defendant, because the guaranty in question was in effect a guaranty

of collection only, and that no right of action arose thereon until after the amount of the deficiency had been ascertained by a judicial sale of the mortgaged premises.

We differ in our conclusion from that reached by both of the courts below.

The guaranty in question is not an absolute guaranty for the payment of the mortgage, but a guaranty that it shall be paid in a particular manner. In construing it we must give effect not only to the entire instrument but also to all of its language. This requires us to give some effect to the words, "by due foreclosure and sale," and they can perform no other office in the connection in which they are used than to qualify and limit the operation of the preceding words, "I hereby guarantee the payment of said bond and mortgage." We must conclude that the parties put these words into their contract for some purpose; and the only purpose they can be made to serve is to make the guaranty a conditional instead of an absolute one. A covenant quite similar to this was held in the case of *Mahaiwe Bank* v. *Culver* (30 N. Y. 313), to be a covenant to pay any deficiency existing after a foreclosure and sale.

But we suppose it to be immaterial whether this guaranty be called a guaranty of payment or of collection, for in either event the plaintiff was entitled to make Schreyer a party defendant in the foreclosure action and demand and recover a judgment against him therein for any deficiency which might arise on a sale of the mortgaged premises.

The principles applicable to the prosecution of actions against guarantors of the collection of promissory notes and other securities do not apply to actions for the foreclosure of mortgages. In the latter the persons who may be made parties therein are pointed out by statute, and include all who are under obligation to pay the mortgage debt, or any part thereof, whether such obligation be absolute or conditional.

This action was commenced, and tried, prior to the adoption of section 1627 of the Code of Civil Procedure. It must, therefore, be governed by the provisions of the

Revised Statutes. The sections applicable are the following: 2 R. S. (1st ed.), 191, § 154, reads: "If the mortgage debt be secured by the obligation or other evidence of debt hereafter executed, of any other person beside the mortgagor, the complainant may make such person a party to the bill, and the court may decree payment of the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases." Section 153, same statute, reads: "After such bill (bill for foreclosure) shall be filed while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage or any part thereof unless authorized by the Court of Chancery."

These provisions of the statute remained without material changes, so far as the question under discussion is concerned, until the adoption in 1880 of the last portion of the Code of Civil Procedure. The scheme of these provisions was stated by this court in the *Equitable Life Ins. Soc.* v. *Stevens* (63 N. Y. 341) to be to prevent oppressive litigation by the multiplication of actions against the several persons who might be liable for the same mortgage debt, and to require all of the parties interested in its payment to be brought into the same suit and thus settle their respective liabilities in one comprehensive action. Previous to the enactment of section 1627 of the Code of Civil Procedure it was the settled practice of courts of equity to bring all parties who were in any way liable for the payment of the mortgage debt, or any part thereof, and whether liable upon an absolute or conditional undertaking, into the same foreclosure action and decree payment of any deficiency arising on a sale of the mortgaged premises, against any of the parties appearing to be liable therefor, according to the nature and circumstances of such liability. The principle that such person, whether liable conditionally or absolutely, may be sued and made liable for any deficiency in an action to foreclose the mortgage is laid down in the works on chancery practice and sustained by numerous cases. (See 2 Hoffman's Ch.

Pr. 141–2 ; 2 Barb. Ch. Pr. 175–6 ; *Leonard* v. *Morris*, 9 Paige, 90 ; *Suydam* v. *Bartle*, id. 294 ; *Curtis* v. *Tyler and Allen*, id. 432 ; *Griffith* v. *Robertson*, 15 Hun, 344 ; *Scofield* v. *Doscher*, 72 N. Y. 491.) Other actions of a similar nature are provided for in our statute, as in the case of proceedings in equity against insolvent corporations to reach stockholders and trustees who may be contingently liable for the payment of the debts of such corporations. These trustees and stockholders are chargeable with a conditional liability in the action brought 'to dissolve the corporation. Of course, where the liability of a person to pay a mortgage debt depends upon some extrinsic event which cannot be determined in the prosecution of the foreclosure suit, he could not be made a party to such an action and charged with a deficiency, because, by the terms of his contract, his liability would not commence until the happening of the event contracted for, and that might be wholly disconnected with the process of foreclosure.

Such was the case of *The Pennsylvania Coal Co.* v. *Blake* (85 N. Y. 226), where the party guaranteed to pay the mortgage debt, provided another party upon demand did not do so. There a demand was held necessary before suit brought. The serious consequences of neglecting to include as parties all persons liable for the payment of the mortgage debt in a foreclosure thereof are illustrated in the case of *The Equitable Life Ins. Soc.* v. *Stevens*, already cited. It was there held that upon an application for leave to prosecute an action at law against parties liable for the payment of the mortgage debt, the granting of the permission rested in the discretion of the court, whether the application was made during the pendency of the foreclosure suit or after it had terminated ; and that in the exercise of a wise discretion the court had the power to deny such permission, even when the claim had not been prosecuted in the foreclosure suit. The order of the court below granting leave to prosecute such an action was reversed, upon the ground that it had declined to exercise its undoubted discretionary power.

That an action at law either during the pendency or after the

termination of a foreclosure suit cannot be maintained by the holder of a mortgage against a person liable for the payment or collection of the mortgage debt, without leave of the court, duly obtained, has frequently been held in this State. (*Pattison* v. *Powers,* 4 Paige, 549; *Comstock* v. *Drohan,* 71 N. Y. 9; *Scofield* v. *Doscher, supra.*) It follows from these authorities that the plaintiff was not only justified in making Schreyer a defendant in this action, and asking judgment for a deficiency against him, even though his guaranty was one of collection merely, but that it would have been hazardous to his security if he had omitted to do so. A more serious question, however, arises under the exception taken to the rulings of the Special Term excluding the evidence offered by the defendant to prove the facts stated in his answer, showing that the guaranty was without consideration.

In considering this question the allegations in the answer must be assumed to be true, and that the defendant would have proved them if he had not been precluded by the rulings of the court from doing so. The answer, while perhaps inartificially drawn, certainly alleged all of the facts necessary to show that neither Gebhardt and Ritchie, or the plaintiff, had received any consideration for the guaranty in question. This he should have been allowed to prove. The production of the assignment in evidence, purporting to be executed "for value received," and being under seal was *prima facie* evidence only of a valuable consideration. It was not conclusive and could be disproved if it was in the defendant's power to do so. (3 R. S. (6th ed.) 672, § 124; *Bookstaver* v. *Jayne,* 60 N. Y. 146; *Anthony* v. *Harrison,* 14 Hun, 198; affirmed in this court, 74 N. Y. 613.)

The incorporation of this guaranty into the assignment for which there was a consideration does not affect the question. It was not essential to the assignment and was, so far as its legal effect was concerned, a separate instrument, and must be supported upon a sufficient consideration or treated as *nudum pactum.*

It is quite clear that the plaintiff had no right to demand

this guaranty by the terms of his original contract with Gebhardt and Ritchie. That was satisfied by a mere naked transfer of his interest in the mortgage.

It was held in *Van Eps* v. *Schenectady* (12 Johns. 436), that an agreement to execute a deed of lands was satisfied by the execution of a deed, without warranty or covenants. So it has been held that a party has no right to impose any conditions to the performance of a contract, except those contained in the contract itself. (*Brown's Water Furnace Co.* v. *French*, 34 How. Pr. 94.) It being clear that Vanderbilt had no legal right to require, as a condition to the fulfillment of his contract, the performance of an act not required by the contract, it is difficult to see what benefit he has bestowed or what inconvenience he has suffered in return for the undertaking assumed by the defendant. He promises to do only that which he was before legally bound to perform. Even though it lay in his power to refuse to perform his contract, he could do this only upon paying the other party the damages occasioned by his non-performance, and that in contemplation of law would be equivalent to performance. He had no legal or moral right to refuse to perform the obligation of the contract into which he had upon a good consideration voluntarily entered.

There is no evidence in support of a claim that this guaranty was given as a compromise of any dispute arising with reference to the obligations of the plaintiff under his contract with Gebhardt and Ritchie. The case is not, therefore, brought within the cases in which a promise has been upheld on the theory that it was made in settlement of a controversy over disputed claims. The authorities seem quite uniformly to show the inadequacy of the consideration alleged for the guaranty in question. In *Geer* v. *Archer* (2 Barb. 420), the defendant visited the plaintiff to pay her an installment upon a mortgage given by him a few weeks before on a purchase of land. She complained that she had not received the fair value of her land upon such purchase. The defendant offered to give her his note for $200 to satisfy her complaints. She replied that she would be satisfied with that, whereupon the note in question

was given. It was held that this note was void for want of consideration. So, where land was sold and described in the deed as containing a certain quantity, and a deficiency was afterward discovered, it was held that there was no obligation on the grantor to compensate the grantee for such deficiency, and a promise to pay the same was without consideration. (*Smith* v. *Ware*, 13 Johns. 257; *Ehle* v. *Judson*, 24 Wend. 97.)

Pollock states the rule as follows: That "neither the promise to do a thing, nor the actual doing of it, will be a good consideration if it is a thing which the party is bound to do by the general law, or by a subsisting contract with the other party." (Pollock on Principles of Contracts, 161; *Crosby* v. *Wood*, 6 N. Y. 369; *Deacon* v. *Gridley*, 15 C. B. 295.) "Nor is the performance of that which the party was under a previous valid, legal obligation to do a sufficient consideration for a new contract." (2 Parsons on Contracts, 437.) When certain sailors had signed articles to complete a voyage, but at an intermediate port refused to go on, and the captain thereupon promised to pay them increased wages, it was held that the promise was without consideration. (*Bartlett* v. *Wyman*, 14 Johns. 260.) A firm having a contract to build a railroad found the contract unprofitable, whereupon the railroad company promised if they would go on and complete the contract they would repay to the contractors all of the obligations which they had or would incur in consequence of their completion of the work. *Held* no consideration. (*Ayres* v. *The C. R. I. & P. R. Co.*, 52 Iowa, 478.)

When a mortgagor, as a condition to the payment of his mortgage, exacted from the mortgagee an obligation that he would procure the cancellation of a certain outstanding bond executed by the mortgagor, or pay him the sum of $100, said bond being given to indemnify against some apparent incumbrance, it was held, that it not being shown that there was any incumbrance existing against the land, the obligation was without consideration. (*Conover* v. *Stillwell*, 34 N. J. L. 54.) When the plaintiff agreed to enter the military service of the United States to the credit of the town of Tobin for $100, and

on arriving at the place of enlistment, being offered an advanced price by others, refused to perform unless they would pay him $250 additional, *held*, that an obligation to pay him the additional amount was void for want of consideration. (*Reynolds* v. *Nugent*, 25 Ind. 328.) A sailor signed articles for a voyage to Melbourne and home at three pounds per month ; several of the crew deserted at Melbourne. The captain, to induce plaintiff to remain, signed fresh articles for six pounds per month. *Held* no consideration for the promise. (*Harris* v. *Carter*, 3 Ellis & Blackburn, 559 ; to same effect *Stilk* v. *Myrick*, 2 Camp. 317.) When defendants gave plaintiff's notes to provide funds to take up obligation, which plaintiff had previously contracted to pay, *held* no consideration. (*Mallalieu* v. *Hodgson*, 16 Ad. & El. [N. S.] 689.) A promise to pay an attorney additional compensation to attend as a witness, after he has been duly subpœnaed, is without consideration. The attorney did nothing except what he was legally bound to do. (*Smithett* v. *Blythe*, 1 Barn. & Ad. 514).

It would doubtless be competent for parties to cancel an existing contract and make a new one to complete the same work at a different rate of compensation, but it seems that it would be essential to its validity that there should be a valid cancellation of the original contract. Such was the case of *Lattimore* v. *Harsen* (14 Johns. 330).

It necessarily follows from these authorities that the plaintiff had no right to impose, as a condition to the performance of his contract, that the payment of said mortgage should be guaranteed. Although the defendant was not a party to the original contract and the consideration and contract between him, Gebhardt and Ritchie does not appear, yet we must assume that he acted at the request of Gebhardt and Ritchie, and was required only by such contract to execute such an assignment as Gebhardt and Ritchie had contracted to give. The answer at all events sets up that he received no consideration from any one for the guaranty sued upon.

The answer also alleges that the sole consideration received for this guaranty was the performance by the plaintiff of his contract with Gebhardt and Ritchie.

We think this answer sets forth a defense to the action, and inasmuch as the defendant has been erroneously deprived of the opportunity of proving it, if in his power to do so, that a new trial should be ordered.

The judgment, therefore, of the General Term dismissing the complaint should be reversed, and its order reversing the judgment ordered against the defendant at Circuit affirmed, and a new trial ordered, with costs to abide the event.

All concur, except ANDREWS and DANFORTH, JJ., not voting.

Judgment accordingly.