Pratt, J.
Tlie only question to consider is whether the contractor is entitled to recover the $580 for making repairs upon the well.
It is not denied that he performed the work upon the requirement of defendants, nor is its value questioned, but it is argued for defendants, that he was bound to make those repairs at his own expense, for the reason that the injuries to the well which rendered the repairs necessary, were occasioned by the negligent act of the contractor’s servant.
The contract is set out at length in defendants’ answer and' recites that the contractor is to be paid- “ upon the completion of the work; ” six dollars for each foot of pipe driven.
The work referred to is described as being to sink an eight-inch pipe as far as necessary to furnish a sufficient supply of water, the contractor also agreeing to test the well for water when so required.
The well had been sunk the requisite depth, and tested, and sufficient water found, and the contractor’s machinery was left standing at the place, for the convenience of defendants-, when one Foth, who was an agent of one Seagul for the purpose of procuring contracts to explode dynamite in Artesian wells, suggested to defendants to have a torpedo exploded in the well.
After discussion the suggestion was agreed to, the explosion had, and injuries to the well occurred, rendering necessary the repairs to recover for which this action is brought.
Foth was also in the employ of the contractor as accountant he made out bills, and sometimes received payments, and had been often seen around the works and defendants erroneously supposed him to represent the contractor in his general business.
For these reasons defendants claim that the contractor is responsible for the act of Foth in exploding the torpedo, and that plaintiff cannot recover.
It is not contended that the act of Foth was within the limits of any authority which he possessed from Button. His employment was in clerical work requiring no skill in practical affairs.
Nor is it shown that Button had any knowledge that Foth had ever assumed to exercise any authority around the works.
The authorities cited by respondents to sustain the judgment *55 are all cases where tbe negligent act of the agent, for which his principal was held responsible, was within the limits of his authority. In 64 N. Y., 137, cited by defendants, the court says, “ It is conceded that the removal of the plaintiff from the car was within the scope of the authority conferred upon the brakeman.”
In 85 N. Y., 214, it was the superintendent of the boiler factory who applied the dangerous pressure that caused the explosion. In 87 N. Y., 535, it was the negligence of those in charge of the ferry-boat in directing its course that rendered the owner of the boat responsible for the collision.
It is evident that these authorities do not afford support to the claim made here, that a principal can be made responsible for the act of a servant wholly outside of his employment.
To render a principal liable for his servant’s negligence, the act complained of. must be within the actual limit of the servant’s employment.
It may also be mentioned that no suggestion is made that the opinion of Foth upon which defendants acted, was not given in good faith. The explosion was not the act of Foth but of Seagul.
And it is not shown, unless by argument from the unfortunate result, that Seagul was guilty of any negligence.
The testimony of Cruger “ that he was informed the torpedo was exploded a short distance below the surface of the rock ” was objected to as hearsay, and the exception to its admission must be sustained.
It remains to be considered whether Button waived his right to compensation, by making the repairs under a statement that if he did not make them the defendants would not pay him what he had already earned, and would themselves make the repairs at his expense.
We. see no evidence of waiver. The work was done at the instance of defendants and for their benefit.
That ordinarily renders the benefited party hable ; we do not see that his liability is diminished by the fact that he not only requests the work to be done, but compels it.
The money due the contractor was in the defendant’s hands, and when they refuse to pay, except upon unreasonable terms, the act is analogous to that of a carrier who refuses to deliver goods except upon the payment of more money than is due.
The consignee can in such case pay the demand as made, and have his action to recover back the overplus of freight paid. The doctrine is that the holder of the goods takes an unjust advantage of the situation, and that the party yielding to the pressure is not bound by his act.
The waiver being in a sense compulsory, he is not bound by it. See also 91 N. Y., 401.
*56 It seems that Button failed to pay a bill of 118.07. wbieh defendants assumed to pay and deduct from tbe amount due bim, by wbat authority does not appear.
It results from tbe foregoing views, that, in addition to tbe $128.70, which plaintiff was allowed to recover, tbe verdict ordered in bis favor should have been larger by tbe value of tbe extra work with interest, and also by the sum of $18.07. which defendants were erroneously allowed to deduct.
Judgment reversed, new trial ordered, costs to abide event.
Babeabd P. J., and Dykman J., concur.