SEGAL v. HEUER.

(Supreme Court, Appellate Term. January 2, 1901.)

RELEASE—RECEIPT FOR LESS THAN AMOUNT DUE—WANT OF CONSIDERATION.
    Where defendant, indebted to a creditor in the sum of $81.79, offered to settle for $50, which sum was accepted by the creditor's clerk, and a receipt given for $50, for "full settlement, providing other creditors do the same," there was no release as to the balance, since there was no consideration given for such release, nor any agreement among creditors to accept less than the full amount due them.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Abraham Segal against Dora Heuer. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

George J. Gruenberg, for appellant.

Miles Rosenbluth, for respondent.

PER CURIAM. The facts are undisputed. The defendant was indebted to plaintiff's assignor in the sum of $81.79. She offered to settle the indebtedness for $50. The creditor's collector accepted the money, giving a receipt in the following words: "Received from Dora Heuer $50 for full settlement of above amount, providing other creditors do the same." Assuming that this receipt may be construed as intended for a release of the balance of the indebtedness over the amount paid, it is clear that it is ineffectual and void because founded on no consideration. In paying the $50 the defendant did no more than she was legally liable to do in any event. The performance of an act which a party is under a previous legal obligation to do is not a sufficient consideration for a new contract. Vanderbilt v. Schreyer, 91 N. Y. 392–401; Halliday v. Hart, 30 N. Y. 474. The reference to other creditors in the receipt, and the fact that other creditors did in fact accept less than the face amounts of their claims, do not help the defendant. There is no evidence to show that the creditors ever agreed among themselves to any

general scheme of adjustment of defendant's obligations. Indeed, the evidence, so far as it goes, would negative such a presumption, since no uniform percentage of reduction seems to have been followed.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.