(109 App. Div. 515)

### LA GRAVE v. HELLINGER.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

MORTGAGES—LEAVE TO COMMENCE SECOND ACTION ON MORTGAGE DEBT.

Under Code Civ. Proc. § 1628, providing that while an action to foreclose a mortgage on real property is pending, or after final judgment for plaintiff thereon, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought, leave to commence such an action to recover the unpaid part of a bond secured by mortgage will not be denied merely because the obligor claims to have a defense to the action, but the question whether the defense is valid should be litigated on the trial of the action.

Appeal from Special Term, New York County.

Action by Sophie La Grave against Leopold Hellinger. From an order granting application for leave to commence an action to recover the amount due on a bond secured by mortgage, under Code Civ. Proc. § 1628, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Harold Nathan, for appellant.

W. J. Lippmann, for respondent.

INGRAHAM, J. The appellant does not contend that the full amount of the mortgage was actually paid. He does claim, however, that he has a valid defense to any claim made for the balance of the bond secured by the mortgage that was unpaid. Section 1628 of the Code of Civil Procedure provides that:

"While an action to foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff thereon, no other action shall be commenced or maintained, to recover any part of the mortgage debt, without leave of the court in which the former action was brought."

While it is well settled that to justify the granting of an order under this provision the moving party must show a substantial reason why the liability upon a bond secured by a mortgage was not enforced in the foreclosure action, and that, if it appears for any reason that it would be inequitable for the mortgagee to enforce the bond after the mortgage had been foreclosed, the application should be denied, yet the mere fact that the obligor upon the bond claims to have a defense to the action to enforce the mortgage should not prevent a mortgagee from presenting the question as to the liability of the obligor upon the bond in a regular way upon the trial of an action. The object of this provision was "to prevent oppressive litigation by the multiplication of actions against the several persons who might be liable for the same mortgage debt, and to require all of the parties interested in its payment to be brought into the same suit, and thus settle their respective liabilities in one comprehensive action." Vanderbilt v. Schreyer, 91 N. Y. 392. The right to enforce the first payment that became due upon the bond and mortgage in question had been transferred prior to the commencement of the action to foreclose the mortgage upon the property, and that right has now vested in the moving party. Whether or not this is sufficient to enable the moving party to obtain a judgment against the obligor upon the bond should be determined upon the trial of the action, rather than upon this motion. Unless the claim for this first payment was extinguished under the doctrine of merger, as before stated, it is quite apparent that the money has not been paid. Whether the agreement between the mortgagee and Brown and his sister (plaintiff's assignor) discharged the defendant is also a question which should be tried, and not determined upon affidavit.

In view of the facts shown, without in any way intimating an opinion as to the liability of the defendant, we think the court below was justified in allowing the question as to the liability of the obligor upon this bond to be tried in an action; and the order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.