## KRATENSTEIN v. BIKOFF.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

GUARANTY—REQUISITES—CONSIDERATION—NECESSITY.

Plaintiff contracted with defendant's brother to do certain plumbing, payments to be made in installments as the work progressed. The first payment was made when it became due, but before the second payment became due the plaintiff refused to continue the work until the second payment was made, and defendant's brother agreed to pay plaintiff a sum in cash and give him a note for the remainder of the contract price, which plaintiff accepted and receipted in full for the work, and agreed to complete the work in eight days thereafter. Twenty days thereafter, while the work was still incomplete, plaintiff went to defendant, who guaranteed in writing, but not under seal, the payment of the notes his brother had theretofore given plaintiff, on condition that plaintiff complete the work; there being no additional consideration. *Held,* that there was no consideration to support the guaranty, so as to bind defendant thereby, as the guaranty was to pay the note already given, and plaintiff was then bound to complete the work without additional consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, §§ 13–16.]

Appeal from Municipal Court of New York.

Action by David Kratenstein against Samuel Bikoff. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Alexander Bloch, for appellant.
Abraham B. Schleimer, for respondent.

WOODWARD, J. The pleadings were oral, the plaintiff seeking to recover upon a written guaranty. The answer generally denied the claim, and urged want of consideration. The defendant's brother, Jacob Bikoff, is a contractor and builder. He entered into a contract with the plaintiff for the plumbing work in two houses on Staten Island. The contract price was $850. The payments were to be made, $200 "when the rough iron and gas pipes are laid in and when the lead roughing is in"; $300 "when the washtubs, bathtubs, and boilers are delivered and set"; $350 "15 days after the completion of the work and certificate issued." When the first payment of $200 was due it was paid. Before the second payment became due (for it is conceded that the tubs, boilers, etc., were not set, although they had been delivered), the plaintiff refused to go on with the work, complaining that he was refused the second payment. After some delay Jacob Bikoff offered to pay the plaintiff $200 in cash and to give him a note for $450, and this was accepted by the plaintiff, who gave a receipt in full for the work, and agreed to complete the same in eight days. This transaction took place on the 9th day of October, 1907, and although the eight days passed the plaintiff did not complete the work. Twenty days after Jacob Bikoff had given his note for $450 to the plaintiff, and while the work was still uncompleted, the plaintiff went to the defendant, Jacob Bikoff's brother, and the latter, after some conversation, gave the plaintiff the guaranty on which this action is based. It is not under seal. It recites no consideration. The plaintiff testified

that no money consideration passed between them. It reads as follows:

"New York, Oct. 29, 1907.

"I, the undersigned, hereby guarantee the payment of a certain note made by J. Bikoff to David Kratenstein, dated Oct. 9, 1907, and payable 60 days thereafter at the Mechanics' & Traders' Bank, Merchants' Branch, provided and upon condition that David Kratenstein completes the buildings in Staten Island and furnishes a certificate of the building department of Richmond borough that the plumbing in the said buildings are in good condition.

"Samuel Bikoff."

The plaintiff, both under his written contract and under the receipt that he had given Jacob Bikoff at the time of receiving the note, was bound to complete the work and to furnish the certificate, so that there was no new consideration of any possible value in the performance of the proviso under which the defendant had promised to become liable. The guaranty was not given as an inducement to the acceptance of the note, for that had been accepted 20 days before, and we are wholly unable to discover any consideration for this guaranty. The guaranty was not to pay for the work upon the premises. It was to pay the note upon the condition that the plaintiff complete the work upon the premises and produce the proper certificate. It was not shown that the defendant had any legal interest in the work which was being done; but, if he had, the guarantee was of the note, and that had already had its inception, and the plaintiff gave no consideration for the promise of the defendant to pay the note. The authorities cited in Vanderbilt v. Schreyer, 91 N. Y. 392, as well as the doctrine of that case, seem to us conclusive upon this question; and, the defendant having pleaded and established his defense, it was error to give judgment in favor of the plaintiff.

The judgment of the Municipal Court should be reversed.

Judgment of the Municipal Court should be reversed, and new trial ordered; costs to abide the event. All concur.