### UNITED MERCHANTS' PRESS v. CORN PRODUCTS REFINING CO.

#### (Supreme Court, Appellate Term.    April 9, 1912.)

1 SALES (§ 77*)—TERMS OF CONTRACT—QUANTITY OF SHIPMENT.
　　Where the contract of sale provided that the seller should make complete delivery and pay charges for packing the goods, and that the price should be a certain sum per 1,000 f. o. b. seller's plant, and the buyer ordered them shipped to various parts of the country in packages containing from 25 to 1,000 each, the seller was bound to pack the goods in the quantities ordered, and could not recover for the value of the special packing required in putting them up in such quantities, on the ground that it would have been more convenient and less costly to have packed them in larger quantities.
　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 208–212; Dec. Dig. § 77.*]

2. SALES (§ 89*)—MODIFICATION—CONSIDERATION.
　　Where the seller was already bound to pack the goods in the quantities ordered by the buyer, a subsequent promise by the buyer to adjust or pay extra charges for packing was without consideration.
　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 251, 252, 259; Dec. Dig. § 89.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the United Merchants' Press against the Corn Products Refining Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

O'Brien, Boardman & Platt (Leighton Lobdell, of counsel), for appellant.

Rufus L. Weaver, for respondent.

BIJUR, J. Defendant gave plaintiff two orders to furnish certain advertising material known as cartons or "dummies," aggregating 40,-000 pieces. Both orders contained the following provision:

These dummies are to be held by you and paid for by us as taken, we agreeing to take complete delivery within one year; we paying charges for packing. Price $68.50 (and $27.50, respectively) per thousand f. o. b. New York."

Defendant ordered these dummies to be shipped to various parts of the United States in packages containing from 25 to 1,000 each. Plaintiff sues for the value of the special packing and incidental ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

penses involved in making up these comparatively small packages. Plaintiff respondent's manager testifies:

"Instead of packing these goods in the most convenient packages in large cases, we had to pack them in cases containing from 25 to 500."

And again he testifies that plaintiff's claim is for—

"the costs of the individual small packages, less the costs of putting those goods or shipping those goods in large quantities, such as we ordinarily would do, * * * and extra labor that we put on those goods, making the numerous shipments, instead of a usual shipment that would be made."

[1] In substance, this amounts to a claim for greater compensation, based on a bargain which plaintiff would have preferred to make after it found that it had made a different bargain. The contract provides that the goods were to be delivered and paid for "as taken," and that defendant was to pay no charges for packing.

Respondent makes some claim, apparently based on the phrase "f. o. b. New York," which it claims should be interpreted as meaning "f. o. b. respondent's plant in New York," as stated in the prior request for quotations coming from appellant. I can see neither the force nor the relevancy of the point. The controversy centers, not about the place of delivery, but about the question whether appellant was bound to order the goods packed in large quantities in the manner in which plaintiff's manager expected they would be ordered, or in such quantities as appellant chose and as provided in the contract.

[2] Some evidence is offered by plaintiff to the effect that one of defendant's agents had promised to adjust plaintiff's extra charge for packing; but a promise to adjust is not a promise to pay, and, if it were, it would have been without consideration, because plaintiff was already under obligation to furnish the services, payment for which was claimed to have been promised. Vanderbilt v. Schreyer, 91 N. Y. 392; Robinson v. Jewett, 116 N. Y. 40, 22 N. E. 224; Arend v. Smith, 151 N. Y. 502, 45 N. E. 872.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.