■ PHILIP G. BUKER, Individually and Doing Business as KEYSTONE TREE SURGEONS, Respondent, v. MT. VERNON CONTRACTING CORPORATION et al., Appellants.— Appeal from an order of the Special Term, Supreme Court, Otsego County. Plaintiff alleges the making of a contract with defendant for clearing and grubbing on the State Thruway. The contract is annexed to the complaint. In terms it requires plaintiff to do certain specified work. The complaint pleads that plaintiff told defendant it would be "impossible" for him to perform the contract which he had undertaken and that if he continued it the expense would be so great as to cause "irreparable" damage and he would become "virtually bankrupt". The complaint alleges that in order to "induce" plaintiff to do what he had already undertaken to do, defendant agreed to "reimburse" plaintiff for his loss. No consideration for this agreement appears in the face of the complaint and the deficiency of the pleading is not made good in this respect by the plaintiff in his proof in opposition to defendant's motion for summary judgment. He relies on statements in his bill of particulars to show the consideration in support of the new agreement. One of these statements is that he had a right "in the particular circumstances" to terminate the contract. There is no proof anywhere of consideration to support the new premise. Plaintiff merely agreed to do that which he had already undertaken to do by his contract. If the expenses were more than he had expected, that is one of the risks he took. He does not plead that the original contract should be avoided for fraud, overreaching, or any of the grounds customarily regarded as sufficient to escape a contractual condition formally undertaken. Besides this, defendant shows that upon the payment of $11,491.50, plaintiff executed a release to defendant. The plaintiff makes the unusual point that the consideration of the release was "merely the balance due plaintiff under the written contract and the amount due under the oral agreement was

entirely disregarded". The payment of a disputed amount as consideration is the usual support for a release. Nowhere in the papers in opposition to the motion is the execution of the release by plaintiff disputed. The Special Term was of opinion that the pleadings raise conflicting issues as to what the release was intended to cover; but we read the release as being precise and specific as to what it was to cover. It released defendant "from any and all obligations to me on account of clearing and grubbing operations performed by me". Plaintiff shows nothing that would permit him to avoid the force of these words; he shows no triable issue and defendant is entitled to summary judgment. Order reversed and motion granted, with $10 costs. Foster, P. J., Bergan, Coon and Zeller, JJ., concur; Halpern, J., concurs upon the second ground stated.