JAMES A. HAGGERTY LUMBER & MILL WORK, INC., Appellant, v. THOMPSON-STARRETT CONSTRUCTION COMPANY, INC., Respondent.

First Department, March 9, 1965.

*Francis X. Conway* of counsel (*Epstein & Conway,* attorneys), for appellant.

*Marvin S. Machson* of counsel (*Charles Korn,* attorney), for respondent.

STEUER, J. The action is for the contract price of milled woodwork manufactured by plaintiff and delivered by it to defendant. No question of the delivery and receipt of this material is raised. The material was manufactured and delivered pursuant to 29 written orders which specified fixed prices. Defendant claims that the orders were hurriedly given and that there was no deliberate attention to the prices. Later on defendant claims that it discovered that the prices were excessive and, upon calling this to the attention of plaintiff, the latter agreed to renegotiate the prices.

Concededly, a consideration would be necessary to support such an agreement. Defendant asserts two such considerations. One was part payment on the deliveries already made. However, this was merely the performance of an act which defendant was in any event obligated to perform and cannot constitute a consideration; "' neither the promise to do a thing, nor the actual doing of it, will be a good consideration if it is a thing which the party is bound to do by the general law, or by a subsisting contract with the other party.' " (Pollock, Contracts, p. 161, quoted in *Vanderbilt* v. *Schreyer,* 91 N. Y. 392, 401; *Buker* v. *Mt. Vernon Contr. Corp.,* 1 A D 2d 735.) The second alleged consideration is the giving of additional orders. This could not be a provable consideration for renegotiating either the orders given prior or subsequent to the alleged agreement — as to the prior orders, because it was an additional consideration to that set out in the written agreement and is not provable by parol (*Sturmdorf* v. *Saunders,* 117 App. Div. 762, affd. 190 N. Y. 555); as to the subsequent orders, it would constitute a variance of the terms by means of a collateral agreement. A parol collateral agreement which contradicts the terms of the written agreement is not admissible (*Mitchill* v. *Lath,* 247 N. Y. 377).

Defendant also claims a failure to perform in that the millwork was not properly marked, which caused delay in the unloading and the like. No complaint was ever made on this score, nor is it a term of the contract. Nor does defendant deny that it instructed the architects to give on-the-spot approval or disapproval of all material delivered.

The defense that defendant was defrauded because when the plaintiff agreed to renegotiate it had no intention of so doing requires no discussion.

Plaintiff concedes that an item of $2,000 set out in the answer is a valid set-off and this amount is deducted from its claim.

The order denying summary judgment should be reversed on the law and the motion granted directing the Clerk to enter judgment for the plaintiff for $92,130 with appropriate interest and costs and the costs of this appeal.

RABIN, J. P. (concurring). I agree that summary judgment should be granted to the plaintiff. However, I do not agree with the reasons advanced in the majority opinion as to why such a result must be reached. I am of the opinion that the subsequent agreement to renegotiate the price, which defendant alleges was made, is not invalid as a matter of law. Defendant's alleged promise to give all future orders to plaintiff would be adequate consideration for the alleged promise of the plaintiff to renegotiate the prices on orders already delivered. Proof of such consideration, contrary to the majority view, would not, in my opinion, be barred by the parol evidence rule. The exclusionary force of that rule is applied only " to negotiations or agreements [alleged to have been] made prior to or at the time of the execution of the written contract ". (Richardson, Evidence [9th ed.], § 597, p. 603.) The rule is inapplicable to subsequent agreements modifying an earlier agreement. (*Martin* v. *Peyton,* 246 N. Y. 213, 218.)

However, even though the parol evidence rule is no bar to the proving of this alleged subsequent agreement, I nonetheless conclude that the plaintiff is entitled to summary judgment. The defendant has not only failed to demonstrate adequately that such agreement was made but it has failed to show that there is even a triable issue as to its existence.

VALENTE, McNALLY and STEVENS, JJ., concur with STEUER, J.; RABIN, J. P., concurs in opinion.

Order, entered on December 11, 1964, denying summary judgment, unanimously reversed, on the law, and the motion granted directing the Clerk to enter judgment for the plaintiff for $92,130, with appropriate interest and costs and $30 costs and disbursements of this appeal.