■ LOWELL M. SCHULMAN, Doing Business as SCHULMAN INVESTMENT COMPANY, Respondent, v WESTCHESTER MECHANICAL CONTRACTORS, INC., Defendant, and EDWARD S. RICHTER, Appellant.—In an action to recover damages for breach of contract, defendant Richter appeals from an order of

the Supreme Court, Westchester County, dated March 18, 1976, which denied his motion to dismiss the complaint as against him, on the grounds that the Statute of Frauds bars the action and that the complaint fails to state a cause of action. Order affirmed, with $50 costs and disbursements. Appellant's contentions that he never *intended* to make a personal guarantee and that, in any event, there was no *consideration* to support the guarantee, are irrelevant on his motion to dismiss pursuant to CPLR 3211 (subd [a], pars 5, 7). As to the defense of the Statute of Frauds (see CPLR 3211, subd [a], par 5), appellant's signature is on the contract. The contract explicitly includes a 36-item rider, Item No. 16 of which sets forth a personal guarantee by appellant. The contract is entirely sufficient to satisfy the Statute of Frauds (cf. *Birnhak v Vaccaro,* 47 AD2d 915). The complaint, to which the contract is annexed, sets forth a cause of action (see CPLR 3211, subd [a], par 7). *Buker v Mt. Vernon Contr. Corp.* (1 AD2d 735), relied upon by appellant, is inapposite. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.