In re Donald R. BENNETT, Debtor.

**Donald R. BENNETT and Robert E. Littlefield, Jr., as Chapter 12 Trustee, Plaintiffs,**

v.

**GENOA AG CENTER, INC., Richard Sharp, Sandra Sharp, Douglas Van Benschoten, Marjorie Van Benschoten and Farm Credit of Western New York, ACA, Defendants.**

Misc. No. 3020.

No. 91–03017

No. 92–60049A.

United States District Court,
N.D. New York.

Jan. 5, 1993.

Hinman Howard & Kattell, Binghamton, NY (M. Elizabeth Bradley, Albert J. Millus, Amy Shapiro, of counsel), for plaintiffs.

Williamson Clune & Stevens, Ithaca, NY (Robert J. Clune, of counsel), for defendants Genoa Ag Center, Richard Sharp, Sandra Sharp, Douglas Van Benschoten and Marjorie Van Benschoten.

Karpinski Stapleton & Fandrich, Auburn, NY (Marck H. Fandrich, of counsel), for defendant Farm Credit of Western NY, ACA.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### INTRODUCTION

Presently before the court is the Bankruptcy Court's recommendation respecting plaintiff's eleventh cause of action against Genoa Ag. The Bankruptcy Court held an adversary proceeding concerning plaintiff's fifth, eighth, tenth, and eleventh causes of action between September 16, 1992 and October 1, 1992. Due to the interrelated factual predicates underlying plaintiff's numerous causes of action, the Bankruptcy Court, *sua sponte*, ordered that these causes of action be tried by an advisory jury pursuant to Federal Rule of Civil Procedure 39(c). Furthermore, the Bankruptcy Court determined that plaintiff's eleventh cause of action, among others, although triable by a jury, was a non-core matter upon which the Bankruptcy Court, pursuant to 28 U.S.C. § 157(c)(1), could not enter a final order without the consent of all the parties. Genoa Ag would not consent to the entry of a final order with respect to the eleventh cause of action, thus precipitating the need for this court to review the Bankruptcy Court's findings of fact and conclusions of law pertaining to this cause of action.

## DISCUSSION

Pursuant to 28 U.S.C. § 157(c)(1),

[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceedings, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1) (West 1992 Supp.).

In the present case, none of the parties has submitted any objections to the matter presently before the court. Thus, the court's task is limited to its consideration of the Bankruptcy Court's findings and conclusions with respect to plaintiff's eleventh cause of action.[1]

In order to understand the claims that form the basis for plaintiff's eleventh cause of action, it is necessary to review the circumstances that precipitated the underlying bankruptcy proceeding. Plaintiff, a farmer in Cayuga County, New York, for more than thirty years, had, during that time, acquired various parcels of farmland and modernized his equipment and machinery. In order to facilitate this expansion, plaintiff obtained more than $140,000 in loans from Farm Credit. In the mid–1980's, plaintiff consolidated his Farm Credit loans, and Farm Credit took a mortgage on two parcels of plaintiff's farmland. By 1990, plaintiff began to experience difficulty making payments on his mortgage obligation to Farm Credit. In this regard, he failed to make an interest payment due on March 1, 1990, and thereafter failed to make other payments of interest and principal. As a result of plaintiff's failure to pay, Farm Credit commenced a foreclosure action on the mortgage, which at that time secured an outstanding balance of approximately $161,312.

In addition to his dealings with Farm Credit, plaintiff had purchased farm supplies from Genoa Ag during the 1980's, usually on credit terms. By 1990, plaintiff was experiencing trouble making payments on his credit account with Genoa Ag which had an outstanding balance of more than $50,000. Due to plaintiff's failure to pay, Genoa Act obtained a default judgment against plaintiff in the amount of $51,-307.39. Plaintiff subsequently made a partial payment on this judgment in September 1990. Despite this payment, Genoa Ag placed a restraint on plaintiff's checking account on October 1, 1990. Subsequently, on October 5, 1990, plaintiff entered into an agreement with Genoa Ag whereby Genoa Ag agreed to release the restraint on plaintiff's checking account in exchange for a promissory note, mortgage, and security agreement giving Genoa Ag a lien against plaintiff's real and personal property.

In an effort to avert foreclosure, plaintiff entered into two separate contracts to sell two tracts of farmland. Neither sale could proceed, however, without both Farm Credit and Genoa Ag releasing their liens. Both Farm Credit and Genoa Ag released their liens on one tract of land, and plaintiff sold that tract and paid the $31,805 in proceeds to Farm Credit.

Thereafter, plaintiff arranged for the sale of a second tract of land for $85,000. Farm Credit agreed to release its lien on this piece of land on the condition that it receive all of the proceeds from the sale. Initially, Genoa Ag also agreed to release its lien on this parcel. When plaintiff refused to pay Genoa Ag approximately $3,700 for fertilizer he had previously purchased, however, Genoa Ag reneged on its agreement to release its lien. In an attempt to resolve this dilemma, plaintiff asked Farm Credit to accept $3,700 less than the entire amount of the proceeds from the sale, so that plaintiff could pay that amount to Genoa Ag in exchange for Genoa Ag's release of its lien. Farm Credit, however, refused to accept less than the

---

1. This court adopts the Bankruptcy Court's recitation of the facts that underlie plaintiff's eleventh cause of action.

full amount of the sale proceeds. Accordingly, plaintiff was unable to pay $3,700 to Genoa Ag, and Genoa Ag refused to release its lien. Thereafter, the foreclosure sale proceeded.[2]

Plaintiff's eleventh cause of action is based upon plaintiff's claim that Genoa Ag breached its contract with him when it refused to release its lien on the parcel of land so that plaintiff could sell it. At the proceeding before the Bankruptcy Court, plaintiff argued that a contract was formed between him and Genoa Ag when Genoa Ag originally agreed to release its lien on the property. Genoa Ag subsequently breached this contract, contended plaintiff, when Genoa Ag refused to release its lien because of their dispute over plaintiff's non-payment of $3,700 for the purchase of fertilizer.

To the contrary, Genoa Ag argued that no contract was ever formed with plaintiff because Genoa Ag received no consideration for its promise to release its lien. In response, plaintiff contended that Genoa Ag did receive consideration in the form of plaintiff's promise to complete the sale of the land and pay the net proceeds to Farm Credit, thus improving Genoa Ag's secondary secured position with respect to the property. Based upon this testimony, the advisory jury concluded that the parties' contract was supported by adequate consideration and was breached by Genoa Ag. Therefore, the jury awarded plaintiff compensatory damages of $100.

Based upon the facts before it and the applicable law, the Bankruptcy Court held that plaintiff was under a pre-existing legal duty to satisfy its obligation to Farm Credit whether or not Genoa Ag released its lien on plaintiff's property. Furthermore, the Bankruptcy Court rejected plaintiff's argument that in exchange for Genoa Ag's promise to release its lien a separate benefit accrued to Genoa Ag because plaintiff's sale of the property would have improved Genoa Ag's secured position with respect to plaintiff's remaining property. Instead

the Bankruptcy Court held that by reducing its obligation to Farm Credit, plaintiff did no more than take action to ultimately pay Genoa Ag which it was already obligated to do. Based upon these conclusions, the Bankruptcy Court recommended that this court disregard the advisory jury's verdict and dismiss plaintiff's eleventh cause of action on the basis that the contract between plaintiff and Genoa Ag was devoid of sufficient consideration.

The court's resolution of this matter is fairly straightforward. It is a well-established rule of contract law that consideration is a necessary prerequisite to a valid contract. *See James A. Haggerty Lumber & Mill Work, Inc. v. Thompson–Starrett Construction Co.*, 22 A.D.2d 509, 510, 256 N.Y.S.2d 1011, 1012 (1st Dep't 1965). Furthermore, with respect to what constitutes valid consideration, " 'neither the promise to do a thing, nor the actual doing of it, will be a good consideration if it is a thing which the party is bound to do by the general law, or by a subsisting contract with the other party.' " *James A. Haggerty Lumber*, 22 A.D.2d at 510, 256 N.Y.S.2d at 1012–13 (quoting *Vanderbilt v. Schreyer*, 91 N.Y. 392, 401 (quoting in turn Pollock, Contracts, p. 161); *Buker v. Mt. Vernon Contracting Corp.*, 1 A.D.2d 735, 146 N.Y.S.2d 879 (3d Dep't 1955)); *see also Goncalves v. Regent International Hotels, Limited*, 58 N.Y.2d 206, 220, 460 N.Y.S.2d 750, 758, 447 N.E.2d 693, 700 (1983) (citing *Ripley v. International Rys. of Cent. Amer.*, 8 N.Y.2d 430, 441, 209 N.Y.S.2d 289, 295, 171 N.E.2d 443, 447 (1960)).

In the present case, plaintiff does not deny that he owed a pre-existing duty to both Farm Credit and Genoa Ag. Thus, absent additional consideration, no valid contract exists between plaintiff and Genoa Ag with respect to Genoa Ag's promise to release its lien on plaintiff's property. As the Bankruptcy Court did, this court concludes that plaintiff provided no additional consideration to Genoa Ag in exchange for Genoa Ag's promise to release its lien on

---

**2.** At the close of the adversary proceeding before the Bankruptcy Court, the advisory jury determined that by refusing to release its lien, Genoa Ag tortiously interfered with plaintiff's contract to sell land. As a result, it awarded plaintiff $2,500.

plaintiff's property. Thus, the court holds that the contract which forms the basis for plaintiff's eleventh cause of action is devoid of sufficient consideration. Accordingly, the court accepts the Bankruptcy Court's recommendation that the advisory verdict on this matter be disregarded and that plaintiff's eleventh cause of action be dismissed.

IT IS SO ORDERED.