In an action, inter alia, to recover damages for breach of contract, the defendant Irwin Business Finance Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 9, 2002, as denied those branches of its motion which were to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) and for an award of an attorney’s fee.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the defendant Irwin Business Finance Corp. which were to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) and for an award of an attorney’s fee are granted, the complaint is dismissed insofar as asserted against the defendant Irwin Business Finance Corp., the action against the remaining defendants is severed, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of an attorney’s fee to be awarded.
The Supreme Court erred in denying that branch of the motion of the defendant Irwin Business Finance Corp. (hereinafter Irwin) which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7). Under the express terms of the lease, which was an unambiguous and integrated contract, Irwin’s assignor was to lease certain equipment to the plaintiff, and the plaintiff, in turn, was to make 48 monthly payments to the assignor. Thus, contrary to the plaintiff’s contention, the parol evidence rule applies to preclude the admission of the extrinsic evidence proffered by the plaintiff (see Hutchison v Ross, 262 NY 381, 398 [1933]; I & I Holding Corp. v Gainsburg, 251 App Div 550, 551-552 [1937], affd 276 *547 NY427; Prince, Richardson on Evidence § 11-203 at 747 [Farrell 11th ed]; see also Haggerty Lbr. & Mill Work v Thompson Starrett Constr. Co., 22 AD2d 509 [1965]). Therefore, the plaintiff cannot demonstrate an obligation on the part of Irwin to remit a portion of the finance proceeds generated by the lease to the plaintiff, and concomitantly, the plaintiff failed to state a cause of action against Irwin (see Columbo v Chase Manhattan Automotive Fin. Corp., 297 AD2d 327 [2002]).
Under the express terms of the lease, Irwin, as a prevailing party, is entitled to a reasonable attorney’s fee and costs. Accordingly, the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of an attorney’s fee to be awarded to Irwin. Goldstein, J.P, Adams, Townes and Mastro, JJ., concur.