■ GERALD MONTER et al., Appellants-Respondents, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent-Appellant, et al., Defendants. [784 NYS2d 898]—

In an action to recover damages, inter alia, for breach of contract and violation of General Business Law § 349, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Peck, J.) entered July 8, 2003, as granted that branch of the motion of the defendant Massachusetts Mutual Life Insurance Company which was to dismiss the first cause of action in the amended complaint alleging breach of contract, and the defendant Massachusetts Mutual Life Insurance Company cross-appeals from so much of the same order as denied that branch of its motion which was to dismiss the fourth cause of action in the amended complaint alleging violation of General Business Law § 349.

Ordered that the order is affirmed, without costs or disbursements.

On or about May 26, 1998, the plaintiffs purchased a "Flexible Premium Variable Life Insurance Policy" issued by the defendant Massachusetts Mutual Life Insurance Company (hereinafter the Insurance Company). They were advised by the defendants Arnone, Lowth, Fanning, Wilson & Rubin, LLC, and/or its principal, John P. Lowth III (hereinafter collectively the Arnone defendants) to purchase the policy. The plaintiffs alleged that they were misled with respect to the terms of the

policy by certain oral assurances given by the Arnone defendants and that the Arnone defendants and the Insurance Company engaged in a persistent business practice of deception concerning the marketing of these types of policies.

The plaintiffs stated a cause of action alleging violation of General Business Law § 349 (*see Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330 [1999]). Accordingly, that branch of the Insurance Company's motion which was to dismiss the fourth cause of action in the amended complaint was properly denied.

The Insurance Company was entitled to dismissal of the first cause of action in the amended complaint alleging breach of contract. The plaintiffs' assertion of a breach of an alleged oral agreement was barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]; § 15-301 [1]; *Rose v Spa Realty Assoc.,* 42 NY2d 338, 339 [1977]; *Fairchild Warehouse Assoc. v United Bank of Kuwait,* 285 AD2d 444, 445 [2001]) and the parol evidence rule (*see Ahava Dairy Prods. Corp. v Trident Leasing Corp.,* 1 AD3d 546 [2003]; *Furey v Guardian Life Ins. Co.,* 261 AD2d 355, 356 [1999]). Ritter, J.P., Luciano, Schmidt and Skelos, JJ., concur.